▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUBEN ORTIZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESUS NEGRON, Appellant.— Judgments convicting defendants, after trial before court and jury, of murder in the first degree, affirmed. Although it was error for the court to charge the jury that the failure to advise the defendants as to their rights had no bearing upon the issue of the voluntariness of their confessions, the error was harmless in the circumstances of this case. This was a pre-*Miranda* trial and, considering the "totality of the circumstances", it is clear that the confessions were voluntarily given. (See *People* v. *Horton*, 18 N Y 2d 355.) Particularly, it is noted that Negron reiterated the inculpatory statements to the Assistant District Attorney. In any event, neither defendant excepted to the charge of the court, nor requested that the court charge differently than it did. Therefore, the point was not reserved for review and we conclude that the interests of justice will not be served by another trial. Furthermore, in the circumstances of this case, we conclude that there was no violation of the constitutional rights of the defendants in the use of their confessions on the joint trial. The defendants were witnesses on the trial and each defendant was fully accorded and did exercise the right of cross-examination of the other. Thus there was no violation of the defendants' constitutional right to confront their accusers. (Cf. *Bruton* v. *United States*, 391 U. S. 123, 134; *People* v. *Baker*, 23 N Y 2d 307, 317; *People* v. *Willis*, 30 A D 2d 817.) Also, it is noted that here the confessions of the two defendants dovetailed, one with the other. Where a defendant's confession is accepted as voluntary, prejudice does not necessarily result from the admission into evidence of a hearsay statement of similar import made by a codefendant (see *People* v. *Moore*, 32 A D 2d 515); nor is there the "devastating risk" applicable in the case where a separate trial is denied to a nonconfessing defendant (see *United States ex rel. Catanzaro* v. *Mancusi*, 404 F. 2d 296); and error, if any, was harmless (cf. *People* v. *Pelow*, 24 N Y 2d 161). Under the circumstances, "the rationale of *Bruton* is inapplicable". (*People* v. *McNeil*, 24 N Y 2d 550.) Finally, it should be noted that the defendant Negron did not move for or seek a severance of the trial (see *People* v. *Ortiz*, 30 A D 2d 510). Concur — Eager, J. P., McGivern and Markewich, JJ.; Nunez, J., dissents in the following memorandum: I vote to reverse and order a new trial. In this joint trial for murder in the first degree the court plainly erred in its charge to the jury to the effect that the admitted failure of the police or the District Attorney to warn the appellants of their rights to remain silent and to be represented by counsel had no bearing upon the issue of the voluntariness of the appellants' confessions. (See *Haynes* v. *Washington*, 373 U. S. 503; *People* v. *Horton*, 18 N Y 2d 355.) And such error was unquestionably prejudicial to the appellants since without their confessions the prosecution clearly would not have been able to make out a case. Indeed, the Trial Judge so charged the jury. The crucial nature of the voluntariness question in this case mandates that the appellants be afforded a

new trial at which the voluntariness of their confessions will be tested by proper legal standards. The closeness of the case is attested also by the fact that on the first trial the jury failed to reach agreement after protracted deliberations. Considering the "totality of the circumstances" (*Clewis* v. *Texas*, 386 U. S. 707, 708 [1967]) disclosed by this record, there is a grave question whether the People established the voluntariness of the repudiated confessions beyond a reasonable doubt, especially in light of the medical testimony and entries in the Department of Correction records which tend to corroborate the appellants' assertions that they were physically abused. Although it is not necessary to reach appellants' other contentions to conclude that reversal is required, it should be noted that serious questions have been raised with respect to denial of appellant Ortiz' severance motion and the standard employed to test the voluntariness of the confessions at the *Huntley* hearing (the Trial Judge also presided at such hearing). In my opinion appellants' constitutional rights were violated by forcing them to stand trial jointly. (See *People* v. *Jackson*, 22 N Y 2d 446; *Bruton* v. *United States*, 391 U. S. 123; *People* v. *Boone*, 22 N Y 2d 476; *Roberts* v. *Russell*, 392 U. S. 293.) Ortiz is alleged to have made a complete extra-judicial confession at the police station incriminating Negron and the latter is alleged to have made a complete confession at the stationhouse incriminating Ortiz. Although instructed by the trial court that each statement was to be considered only against the defendant making it, it is fair to conclude that in the context of this record the jury could not follow the instructions and that the consequences of such failure were so vital to the defendants that the practical and human limitations of the jury system cannot be ignored. Both defendants testified in their own behalf. They denied any participation in the crime attributed to them and each stated that whatever incriminating statements he made either as to himself or as to the codefendant, were extracted from him after merciless beatings at the stationhouse. So we are confronted with a statement allegedly made by each defendant incriminating himself and his codefendant testified to by a police officer but denied by the maker of the statement. Under these circumstances for all practical purposes each defendant was denied the right to cross-examine the other as to the alleged confession. The Supreme Court of the United States has so held in *Douglas* v. *Alabama* (380 U. S. 415, 419–420 [Oct., 1964]) in this language: "Similarly, Loyd could not be cross-examined on a statement imputed to but not admitted by him. * * * Hence, effective confrontation of Loyd was possible only if Loyd affirmed the statement as his." Negron could not be cross-examined on a statement imputed to but not admitted by him. Similarly, Ortiz could not be cross-examined on a statement imputed to but not admitted by him. Each defendant should be tried separately without the disadvantage of having the jury listen to the alleged incriminating confession of his codefendant.