Jesus NEGRON, Relator-Appellee,

v.

Robert J. HENDERSON, Warden, Auburn Correctional Facility, Respondent-Appellant.

No. 812, Docket 73–2830.

United States Court of Appeals, Second Circuit.

Argued March 22, 1974.

Decided April 17, 1974.

Jack Horn, Cornell Law School Senior students, on the brief), for relator-appellee.

Before MOORE, FEINBERG and MULLIGAN, Circuit Judges.

FEINBERG, Circuit Judge:

In this well briefed and excellently argued case, Robert J. Henderson, the Warden of Auburn Correctional Facility, appeals from a decision of the United States District Court for the Northern District of New York, Edmund Port, J., granting the petition of Jesus Negron for a writ of habeas corpus. For reasons set forth below, we reverse the judgment of the district court.

In 1965, Negron, together with a co-defendant, was tried in the Supreme Court of the State of New York, New York County, on a charge of murder in the first degree. According to the undisputed facts, the victim was a New York City police officer who was shot in the back five times with his own gun, in an attempt to stop a burglary in East Harlem. At his trial, Negron claimed he was innocent and offered an alibi. To explain away his confession, which was the prosecution's key evidence, Negron testified that he had made incriminating statements only because he had been beaten and threatened with physical force.[1] Those charges were categorically denied by the detectives allegedly involved. The state trial judge properly instructed the jury, in effect, that if Negron's statements had been obtained by physical force or the threat of such force, they should be rejected and Negron should be acquitted. The issue was thus sharply posed for the jurors, who apparently disbelieved Negron since they found him guilty. Negron was sentenced to life imprisonment. The conviction was affirmed in the Appellate Division by a 3–1 decision, People v. Negron, 32 A.D.2d 747, 302 N.Y.S.2d 120 (1st Dep't 1969), and unanimously by the Court of Appeals. People v. Negron,

Arthur Weinstein, Asst. Dist. Atty. (Frank S. Hogan, Dist. Atty., New York County; Michael R. Juviler, Asst. Dist. Atty., on the brief), for appellant.

Gray Thoron, Ithaca, N. Y. (Cornell Legal Assistance Project for the Auburn Correctional Facility; Daniel F. Cashman, assisted by Kent G. Harbison and

1. This claim had also been the basis of a pre-trial *"Huntley* hearing," after which the state trial judge denied a motion to suppress.

27 N.Y.2d 696, 314 N.Y.S.2d 13, 262 N. E.2d 219 (1970) (mem.dec.).

Thereafter, Negron brought a federal habeas petition, claiming that the state trial judge had denied him due process. The first constitutional error alleged was the judge's instruction to the jury that the failure of the police to advise Negron of his constitutional rights prior to questioning had no bearing whatsoever on the voluntariness of his confession.[2] The habeas petition further claimed that this error must also have infected the *Huntley* hearing, at which Negron's statements were held to be voluntary, because the same judge presided and must therefore have applied the wrong legal standard. Judge Port did not decide the second issue since he granted the writ on the theory that the judge's charge deprived Negron "of a fundamentally fair trial."

On this appeal, the Warden concedes that the charge was wrong, as the Appellate Division had noted, 302 N.Y.S.2d at 121, but argues that Judge Port should nonetheless have denied the writ. The Warden argues that since Negron claimed that statements were beaten out of him, the failure to give warnings could not have been relevant on the issue of overall voluntariness and was therefore harmless. The Warden also contends that since there is no constitutional right to retry voluntariness as a jury question, subsequent to a pre-trial hearing under *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), any error in the jury instruction was one of state law only and not a ground for federal relief. Finally the Warden claims that "in the absence of any showing that the confession was unconstitutionally admitted" into evidence, the federal writ should not issue.[3]

██ Although we would phrase it differently, we believe that the last ar-

gument is essentially correct and is dispositive on this appeal. The admitted procedural error here—the erroneous jury instruction on the relevance of the failure to inform Negron of his rights —does not of itself justify federal interference and the release of petitioner from custody unless he is promptly retried. The Supreme Court has held, in a similar context, that an applicant for federal habeas is not entitled to a new hearing, much less a new trial, merely because he can point to procedural errors in the original hearing on voluntariness. *Procunier v. Atchley*, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971). To obtain a second hearing or trial, "he must also show that his version of events, if true, would require the conclusion that his confession was involuntary." Id. at 451, 91 S.Ct. at 488. Negron has made no such showing here. The voluntariness of his confession was neither challenged in the habeas petition nor passed upon by Judge Port. Of course, we can glean the substance of Negron's claim of physical beatings from the trial record, and these allegations would certainly appear to meet the *Procunier* requirement of compelling a finding of involuntariness, if true. But the claim of physical beatings relates only remotely to the procedural errors complained of here. The erroneous jury instruction does bear closely upon Negron's allegations of psychological coercion, which his appellate counsel now presses upon us. But these allegations were neither made in the habeas petition nor passed upon by Judge Port.[4] Finally, the petition does assert that the state judge applied an incorrect standard for determining voluntariness at the *Huntley* hearing, an issue not decided by Judge Port. But this claim also alleges a procedural error unsupported by any contention or showing that the confession was in fact involuntary.

---

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was not decided until the following year.

3. Brief for Appellant at 9.

4. If they had been, Judge Port would have had to determine initially whether state remedies had been exhausted on these issues.

Accordingly, since Negron's habeas petition is insufficient to justify federal relief, we reverse the judgment of the district court with instructions to dismiss the petition without prejudice to the filing of a new or amended petition setting forth sufficient allegations.