■ In the Matter of· MARK G.—Adjudication unanimously affirmed. Memorandum: Respondent was adjudged to be a juvenile delinquent for acts which if done by an adult would constitute the crime of criminal mischief. He was charged with daubing brown paint at about 3:00 A.M. on an automobile owned by Attica Central School District ·and parked on its property near the school. The evidence adduced in support of the charge was the testimony of a police officer that he saw shadows of four persons near the school building and the car and went to investigate, but they ran on his approach. He caught one of them and, after talking with him, went directly to respondent's home and had respondent's mother get him up, and the officer took him to police headquarters. The officer testified that he observed paint cans near the school building and automobile which contained fresh brown paint similar to that daubed on the building and the vehicle, and that on taking respondent to headquarters he saw the same color paint on respondent's hands. Respondent's mother testified that she thought that he was in bed at the time of this occurrence. She added that she saw no paint on respondent's hands but that he had been fixing a bicycle the previous day and she thought that he had grease on his hands. Respondent's father testified that he observed that respondent's hands were dirty on the morning of his arrest and that respondent should wash them more often. He saw no paint on respondent's hands. When the father was asked whether he had any discussion with his son about this occurrence, the Law Guardian objected on the ground of parent-child privilege. The objection was overruled, and the father answered, "He said he did it". It is argued in behalf of respondent that there is no direct evidence of his involvement in this incident, that the father's statement of respondent's admission was erroneously received in evidence, and that even if it was properly received, it constitutes an uncorroborated admission and hence is insufficient to support the adjudication (Family Ct Act, § 744, subd [b]). . There is no statute establishing a parent-child privilege with respect to conversations between them (*Matter of A. & M.*, 61 AD2d 426). While we have said that such a privilege may exist in certain situations in the absence of statute (pp 430-433), wherein it is the unanimous wish of all members of the family that the communication be held in confidence and be privileged (p 435, n 9), we find no reason to sustain the Law Guardian's claim of privilege in this case. It does not appear that respondent made the statement to his father in confidence and for the purpose of obtaining support, advice or guidance, nor that the father wished to remain silent and keep respondent's answer confidential. The father's testimony was, therefore, properly received in evidence. The officer's testimony that he saw brown paint on respondent's hands was ample corroboration of the admission. (Appeal from adjudication of Wyoming County Family Court—juvenile delinquent.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.

