THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS H. PIERCE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 29, 1978, convicting him of burglary in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. Judgment affirmed. On December 2, 1977, at approximately 4:00 A.M., a police officer and an investigator from a burglary alarm company, entered the premises of the Pollard Pipeline Equipment Co. in response to a burglar alarm. Upon the search of a second floor office, it was found that a window had been broken, drawers rifled, and papers strewn about the floor. Defendant was discovered crouched in the closet. Viewing the police officer, whose gun was drawn, defendant stated "Don't shoot. I came in through the door." When the officer asked, "What about the window?", defendant replied that he hadn't come through the window. In response to a second question by the police officer, defendant stated that he had come into the building to take a nap. Defendant had not been read his *Miranda* rights at the time these questions were asked. At trial, the president of Pollard testified that defendant was not an employee and was not authorized to enter the company premises. We do not agree with defendant that the questions posed by the police officer constituted improper, custodial interrogation (see *Miranda v Arizona,* 384 US 436; *People v Shivers,* 21 NY2d 118). Rather, the questioning may be characterized as preliminary inquiry, designed to clarify the nature of the situation confronted by the police, rather than to coerce a statement. As such, the statements elicited were admissible (see *People v Huffman,* 41 NY2d 29; *People v Greer,* 42 NY2d 170). Even if it were assumed that the statements were erroneously admitted, reversal would not be required. In view of the overwhelming evidence presented by the prosecution, and the exculpatory nature of the statements, the error, if any, was harmless beyond a reasonable doubt. It should also be noted that the statements were completely consistent with defendant's version of the facts, which he recounted at trial (see *People v Brownell,* 62 AD2d 1063). Defendant's remaining contentions

are devoid of merit. Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.