■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER CATALANO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered October 25, 1979, convicting him of criminal sale of a controlled substance in the first, second and sixth degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The trial court committed error in denying the defendant's motion to suppress his inculpatory statement obtained as a result of police interrogation and compounded such error by permitting it to be improperly used at the trial, as hereinbelow determined. In *People v Rogers* (48 NY2d 167), decided subsequent to the trial court's denial of the defendant's motion to suppress, it was held that the prohibition against custodial interrogation of a defendant in the absence of his counsel extends to crimes other than those for which the attorney was expressly retained or appointed. The rule expressed in *People v Rogers (supra)* has been afforded retroactiv-

ity in *People v Bell* (50 NY2d 869) and must therefore be applied to this matter. Contrary to the trial court's conclusion, defendant's representation by counsel on unrelated criminal charges also pending in Suffolk County, and of which its law enforcement authorities were aware, was an absolute prohibition to any police interrogation of defendant on the instant criminal charges in the absence of his attorney. As evidenced by the following stipulation, the District Attorney of Suffolk County was fully aware of the fact that the defendant was represented by counsel on the prior unrelated prosecution at the time the instant statement was obtained. "THE COURT: Gentlemen, are we interrupting for a stipulation? MR. EFMAN [defense counsel]: Yes. Your Honor, on behalf of the Defendant Peter Catalano, I have agreed to stipulate that if I called my witness, Ray Perini, who's an Assistant District Attorney, that he would testify that prior to March 23, 1978, the subject of this indictment, he was aware that I was representing Peter Catalano on another charge pending in the District Court, and that we had discussions about that other charge. THE COURT: So stipulated? MR. HOLOWNIA [Prosecutor]: The charge being the marijuana arrest on February 23, 1978. MR. EFMAN: Mr. Perini had indicated to me prior to this arrest that that felony complaint would be reduced to a misdemeanor. MR. PERINI: That was the extent of our conversation, right. MR. HOLOWNIA: So stipulated, Your Honor." Under the factual posture of the instant case, as one which followed the commencement of a prior unrelated criminal prosecution by the filing of a felony complaint and defendant's arrest thereon on February 23, 1978, all custodial police interrogation concerning the alleged subsequent offense herein which resulted in his arrest on March 23, 1978 was proscribed by virtue of the following rule enunciated in *People v Miller* (76 AD2d 576, 584-585): "Consequently, the filing of an accusatory instrument not only triggers the right to counsel, but is also equated with the entry of counsel into the proceeding, even if an attorney has not actually appeared. Therefore, since *Rogers* * * * prohibits police questioning, in the absence of counsel, on *related or unrelated matters* once an attorney has become involved in a pending action, *and since the commencement of an action is equivalent to an attorney becoming so involved,* then all police questioning, in the absence of counsel, concerning matters *related or unrelated* to the pending action is unauthorized. Likewise, *Rogers'* prohibition against the police obtaining a waiver of a defendant's rights to remain silent and to be assisted by counsel would apply to the same extent *(People v Rogers,* 48 NY2d 167, 173, *supra)*." Here, Police Officer Felice, who had arrested the defendant and given him the *Miranda* warnings on March 23, 1978, conceded that he had obtained knowledge of the defendant's prior arrest on February 23, 1978, from his partner Detective Keneally on the day following the February arrest. He also admitted that during the continuing undercover investigation of the defendant, which ultimately culminated in the instant prosecution, he had conversations with him on four occasions and that during the course of one, between February 23, 1978 and before the date of the arrest herein, he discussed the prior pending criminal action with the defendant. He testified, in this regard, at the suppression hearing as follows: "THE COURT: * * * Were there any occasions on which you met with Peter after February 23rd in which you had a conversation with him about his problems, his legal problems? THE WITNESS: I believe it was one time I met with him. He told me there was nothing to worry about as far as his *pending* case went." (Emphasis added.) Thus, since the commencement of the prior pending prosecution was equivalent to an attorney being involved (see *People v Miller supra),* under the circumstances prevailing here,

the defendant could not effectively waive his constitutional rights without his attorney being present after he was arrested and at the time when Officer Felice first gave him the *Miranda* warnings. Any inculpatory statement which he had shortly thereafter given to Detective Keneally, who was present and participated in the arrest, was the product of a violation of his constitutional rights and should, therefore, have been suppressed. The respondent claims that *People v Servidio* (77 AD2d 191, 192), which held that the above-mentioned rule expressed in *People v Rogers (supra)*, may not be applied in the absence of a "showing that the police officers taking the statements knew that the defendant was represented by counsel on such unrelated charges", should be applied herein. There is no merit to this contention for the reason that Police Officer Felice was, as above noted, aware of the pendency of the prior unrelated criminal prosecution against the defendant before he arrested him on the instant charge and imparted to him the *Miranda* warnings. Implicit within such awareness was the concomitant understanding that the "indelible" right to counsel had attached upon the commencement of the prior formal adversary proceedings, and that, under such circumstances, the defendant could waive none of his constitutional rights in the absence of counsel (see *People v Cunningham,* 49 NY2d 203, 208; *People v Samuels,* 49 NY2d 218; *People v Rogers,* 48 NY2d 167, *supra; People v Settles,* 46 NY2d 154). The record herein also reveals that, the testimonial evidence adduced by the prosecution focused on the defendant as an active and willing participant in the criminal transactions, and, in furtherance of and to support its case, it utilized the illegally obtained confession as evidence to establish defendant's guilt by demonstrating, by his own words, that he was the prime actor in the commission of the crime. Defendant's case consisted of evidence given by him in support of his defense of entrapment to establish that the sales were the result of pressure exerted on him by the frequent and persistent requests of an undercover law enforcement operative which induced him to obtain and sell him cocaine, and that, apart from such pressure, there was no predisposition on his part to do so. Implicit in the defense of entrapment is the claimed lack of culpability by reason of governmental inducement to commit the offense by a defendant not otherwise predisposed to commit such offense. An examination of defendant's confession discloses that it was wholly inculpatory and makes no claim of entrapment. The inculpating substance of the statement standing beside the nonculpability of the entrapment defense focused in the minds of the jurors an inconsistency which tended to fortify the conclusion that the defense of entrapment was contrived and without any factual basis. We are of the opinion that such a clearly illegal confession, required to be excluded under *People v Rogers (supra)*, should not be permitted, under the circumstances of this case, to be used to undermine the defendant's defense of entrapment. Regardless of whatever weight may be given to defendant's testimony, that determination must be made by the jury without the influence of the clearly inadmissible confession by defendant. As distinguished from *People v Brownell* (62 AD2d 1063) and *People v Pierce* (71 AD2d 931), where judgments of conviction were affirmed after *exculpatory* statements of the defendants, assumed to be erroneously admitted into evidence, were treated as harmless error since the content of such statements were *consistent* with the respective defendant's trial testimony, in the instant matter the testimony of defendant and the content of his *inculpatory* statement are diametrically opposed and, therefore, under the facts of this case, the error may not be deemed harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230, 237). Notwithstanding that the other evidence in the

case of defendant's guilt may have been substantial, the strong possibility that defendant's confession may have bolstered the prosecution's case and thereby contributed to his conviction cannot be excluded. A new trial is required at which time defendant's written statement to the police must be suppressed. Defendant's initial oral statement to the effect that he wished to co-operate because the sale of cocaine was a "heavy" charge was made spontaneously, prior to any police interrogation, and is admissible (see *People v Lynes,* 49 NY2d 286). Damiani, J.P., Lazer, Gibbons and O'Connor, JJ., concur.