■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MICHAEL WHITE, Appellant. — Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), rendered February 17, 1981, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree. As a result of an incident which allegedly occurred on May 4, 1980 wherein one Mary M. Collins, a patient at the St. Lawrence Psychiatric Center in the City of Ogdensburg, was strangled to death, defendant was indicted on two counts of murder in the second degree (Penal Law, § 125.25, subds 1, 3). There followed a competency hearing after which it was determined that defendant, also a patient at the psychiatric center, was fit to proceed to trial, and defendant then moved to suppress a confession which had been obtained from him by the Ogdensburg Police. This motion was denied, and defendant subsequently pleaded guilty to the crime of manslaughter in the first degree (Penal Law, § 125.20) in full satisfaction of the indictment against him. On this appeal, defendant initially argues that his confession was obtained in violation of his *Miranda* rights (see *Miranda v Arizona,* 384 US 436) and should, therefore, have been suppressed. We agree. The prosecution had the burden of establishing the voluntariness of defendant's confession beyond a reasonable doubt *(People v Valerius,* 31 NY2d 51), and its proof on that issue was limited solely to testimony that, when given the *Miranda* warnings prior to his confession and asked whether he understood them, defendant responded affirmatively. Other evidence in the record casts grave doubt upon whether defendant understood and voluntarily and intelligently waived his *Miranda* rights. He was a patient in a psychiatric center and had been diagnosed as a chronic undifferentiated schizophrenic. His confession is disjointed, disorganized and makes absolutely no mention of another man who was apparently his accomplice in the commission of the crime. Significantly, a registered nurse,

who was an administrator at the psychiatric center and present when defendant gave his oral statement to the police, testified as to her doubts about whether defendant understood his *Miranda* rights. She quoted defendant as explaining the meaning of the *Miranda* warnings in the following manner: "Well, it means that after I tell you this I won't be able to live here anymore * * * I feel badly about this because everybody has been very nice to me here." Considering the totality of these circumstances (cf. *People v Chaffee*, 42 AD2d 172), we conclude that the prosecution did not carry its burden by demonstrating beyond a reasonable doubt that defendant's confession was voluntary (cf. *People v Levan*, 85 AD2d 779). Accordingly, his guilty plea must be reversed. Defendant's remaining contention that the court erred in determining that he was competent to stand trial is without merit. The court's ruling is amply supported by the opinions of two psychiatrists who examined defendant and need not be disturbed. Judgment reversed, on the law, guilty plea vacated, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.