■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD H. JOHNSON, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered November 10, 1983, convicting defendant, upon his plea of guilty, of the crime of attempted assault in the first degree.

On December 8, 1982, at approximately 10:45 A.M., Schenectady City Police Officer John Claughsey received a call to respond to 447 Hulett Street to investigate an assault. After arriving at the building, Officer Claughsey, his partner and a team of paramedics knocked on a door up the first flight of steps and were let in by a woman who stated, "Come quick into the other room. Somebody's been hurt." She led the officers into the kitchen where the officers saw defendant and observed blood on the floor. At that point, Officer Claughsey exclaimed, "What happened here?", and defendant said, "I stabbed him" and pointed to a bedroom, where the victim was found. No *Miranda* warnings had been given defendant, who was then placed under arrest.

In due course, defendant was indicted for two counts of the crime of assault in the first degree and one count of the crime of criminal possession of a weapon in the third degree. After conducting a suppression hearing, County Court denied defendant's motion to suppress his inculpatory statement. Subsequently, defendant pleaded guilty to the crime of attempted assault in the first degree in full satisfaction of the indictment. Defendant was sentenced as a second felony offender to a term of imprisonment with a maximum of four years and a minimum of two years. This appeal ensued.

Defendant first argues that County Court erred in not suppressing his oral admission since he was not given *Miranda* warnings. This contention must be rejected as the record fully supports County Court's finding that defendant's extemporaneous statement was not elicited as the result of custodial interrogation. Accordingly, defendant's *Miranda* rights were not violated (see *People v Huffman,* 41 NY2d 29).

Defendant next contends that the sentence imposed was harsh and excessive. This contention is without merit. We would note that defendant received the bargained-for sentence, which was the minimum allowed by law (Penal Law, § 70.06, subd 3, par [d]; subd 4, par [b]).

Judgment affirmed. Mahoney, P. J., Kane, Main, Mikoll and Levine, JJ., concur.