■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL GLOSKEY, Appellant. — Appeal from a judgment of the County Court of Montgomery County (White, J.), rendered September 28, 1982, convicting defendant upon his plea of guilty of the crimes of murder in the second degree (two counts), criminal use of a firearm in the first degree, burglary in the first degree, robbery in the first degree, criminal use of a firearm in the second degree (two counts), attempted burglary in the first degree, assault in the first degree, reckless endangerment in the first degree, grand larceny in the second degree, criminal possession of stolen property in the first degree, and assault in the third degree.

During the early morning hours of June 27, 1981, defendant, aged 18, and one Roger Farley, armed with a .22 caliber rifle and a .12 gauge shotgun, attempted to enter a neighbor's house. Defendant fired the shotgun through the door wounding the occupant, Helen Gondarowski. They then fled and gained entrance to a nearby house where Farley killed August Graudon by firing two shots into his head. Defendant shot the wife, Agnes Graudon, in the head causing her death. They stole currency and a 1980 Pontiac automobile which they drove to Virginia with the weapons in the trunk. After a telephone conversation with his father in which defendant conceded that he had shot Gondarowski, he and Farley decided to surrender to the police. At about 6:00 P.M. on June 28, 1981, they entered the Garfield police substation of the Prince William County Police Department in Virginia where defendant advised the desk officer, Bruce Hiltibidal, that he wished to turn himself in for the shooting of a woman in New York.

Both defendant and Farley were separately interviewed by Investigator David Lagerveld and each made oral and written confessions. They were arrested in Virginia and, after waiving extradition, were returned to Montgomery County where a Grand Jury returned two indictments charging each of the crimes first above specified. After the denial of defendant's motion to suppress his oral and written statements to the police in Virginia and the oral statement made to his father, he proceeded to trial. After five days of testimony, a plea of not guilty was withdrawn and defendant pleaded guilty to all 13 counts charged; he received sentences of various terms to run concurrently, the longest being 25 years to life for each of the second degree murder convictions.

On this appeal, defendant first attacks both the timeliness and sufficiency of the *Miranda* warnings given by the Virginia police. Defendant's timeliness argument is predicated on his

testimony that he was not advised of his *Miranda* rights until after he made the written statement. In contrast, the interrogating officer, Investigator Lagerveld, testified that he informed defendant of his *Miranda* rights at the commencement of the taped interview, following which defendant prepared the written statement. This conflict in testimony presented a credibility question for resolution by the suppression court (*People v Hartley,* 103 AD2d 935; *People v Gates,* 101 AD2d 635; *People v Hopkins,* 86 AD2d 937, 938, affd 58 NY2d 1079). We find no reason to disturb the ruling. Defendant executed a written waiver of his *Miranda* rights at approximately 7:20 P.M. on June 28, 1981, and then signed his own written statement at approximately 7:50 P.M. (see *People v Smith,* 104 AD2d 682). This time interval is fully consistent with Lagerveld's testimony. The record belies defendant's contention that Lagerveld failed to properly clarify defendant's immediate right to an attorney both prior to and during the interrogation (*California v Prysock,* 453 US 355, 359-360; *People v Gates, supra,* pp 636-637).

We reject defendant's contention that his statements were involuntary. Although defendant suggests he was unable to comprehend his rights because he was too tired and incoherent from lack of sleep and the consumption of drugs and alcohol, the fact remains that he voluntarily turned himself in, affirmatively indicated he understood his rights, stated he had only consumed a minimal amount of alcohol and no drugs for some 20 hours prior to surrendering, and conceded he was neither threatened nor coerced into making any statements. Moreover, while Lagerveld indicated that defendant "seemed tired", the entire interview lasted, at most, 40 minutes (cf. *People v Anderson,* 42 NY2d 35). Considering the totality of the circumstances, there is ample basis for finding beyond a reasonable doubt that defendant's statements were voluntary (see *People v Gates, supra; People v Jones,* 85 AD2d 50).

Defendant's further contention that his right to counsel had indelibly attached prior to any questioning at the Garfield police substation, because the desk officer "believed" a felony complaint had issued, is similarly unpersuasive. The right to counsel attaches upon the actual filing of an accusatory instrument (see CPL 1.20, subd 17; *People v Samuels,* 49 NY2d 218, 221), not upon the mistaken belief of a police officer that a criminal proceeding has commenced. Here, defendant concedes the felony complaint against him was filed subsequent to the challenged interrogation. We decline defendant's invitation to extend the *Samuels* rule to situations based upon an officer's belief. In any event, it is significant that the desk officer did not interrogate

defendant. Indeed, the statements proferred to Hiltibidal were clearly voluntary and noncustodial. As to the interrogation, Lagerveld testified that he did not believe an arrest warrant had issued since the teletype message from New York indicated defendant was only wanted for questioning. Consequently, defendant's right to counsel may not be deemed to have attached at this stage (see *People v Wilson,* 56 NY2d 692, 693-694).

Finally, we find no error in the trial court's refusal to suppress the statements made to defendant's father on the basis of a parent-child privilege. Defendant's father initially expressed no desire to remain silent; nor does the context of their conversation confirm an aura of confidentiality (see *Matter of Mark G.,* 65 AD2d 917). Since the statements were merely cumulative of defendant's own confession, any prejudice emanating from their admission must be deemed harmless error.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.