■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES P. DOUGAN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 19, 1984, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

On April 6, 1984, defendant was charged in a one-count indictment with grand larceny in the second degree, relating to the theft of funds from Elmira College where he had been employed. After the denial of his motion to suppress oral and written confessions obtained from him by the Elmira City Police, defendant entered a plea of guilty to a lesser charge of grand larceny in the third degree in full satisfaction of the indictment.

On this appeal, the sole issue is whether the People estab-

---

lished a knowing and intelligent waiver of defendant's *Miranda* rights *(see, Miranda v Arizona,* 384 US 436). A review of the *Huntley* hearing transcript confirms that defendant voluntarily accompanied the police to the detective bureau on March 29, 1984, where he was apprised of his *Miranda* rights and actually signed a written waiver prior to making any statements. Since the People established the legality of the police conduct in the first instance, the burden of persuasion on the motion to suppress became defendant's *(see, People v Di Stefano,* 38 NY2d 640, 651, 652; *People v Love,* 85 AD2d 799, *affd* 57 NY2d 998).

To this end, defendant claims that he could not effectively have waived his constitutional rights since he was under the influence of several prescribed medications and had consumed at least four beers prior to the interview. He indicated that he was confused and signed the written confession solely to secure his immediate release. Defendant's treating physician confirmed that medications had been prescribed on March 29, 1984 for a possible disc problem and further opined that the combination of drugs and alcohol "could" have affected defendant's ability to comprehend his rights. In contrast, the officers testified that defendant was very cooperative, appeared normal, indicated he understood his rights and gave articulate, coherent responses to the inquiries made *(cf. People v White,* 85 AD2d 787). Neither detected the aroma of alcohol on defendant's person. Significantly, it was upon defendant's own urging that an addendum was made to his written statement indicating that he intended to make restitution for the funds taken. This prompting seems ironic given defendant's testimony that his principal concern was to be released as soon as possible.

Considering the totality of these circumstances, we find ample support for the trial court's determination that defendant's statements were voluntary beyond a reasonable doubt *(see, People v Gloskey,* 105 AD2d 871, 872; *People v Love, supra; see also,* 2 Ringel, Searches & Seizures, Waiver as Assertion, § 28.4 [a], at 28-18, 28-18.1 [2d ed]). The judgment should therefore be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.