■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARGARET ELIZABETH STROMAN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 19, 1984, convicting defendant upon her plea of guilty of the crime of manslaughter in the first degree.

---

On the morning of May 13, 1984, Elmira City Police Officer Charles Patterson responded to a reported disturbance at the Beecher School playground. Upon arrival, Patterson observed Danny Ross being chased out of the school parking lot by defendant, who was swinging a pickax. After Ross sought refuge near the police vehicle, Patterson ordered defendant to drop the ax. An argument ensued between defendant and Ross in which each accused the other of having struck Alonzo Williams, who was defendant's boyfriend, with the ax. Defendant eventually surrendered the ax and was placed in the police car, where she advised Patterson that someone was seriously injured over in the parking lot. Patterson immediately drove to the scene where a large crowd had gathered near the fatally injured Williams. Patterson detected a pulse and summoned emergency assistance. He then proceeded back to the police car to radio for assistance. At this point, defendant stated, "Let me out of here. I didn't do anything," to which Patterson responded, "Well, who hit him?" Again, defendant accused Ross.

Thereafter, defendant was taken to the Elmira Police Station by Investigators Howard Everetts and Clifford Davis. En route, defendant repeatedly inquired as to whether Williams was dead and stated, "I know I killed him." No *Miranda* warnings had yet been given defendant, who the investigators described as being very upset and close to hysterical. Once at the station, defendant was apprised of her *Miranda* rights and, upon signing a waiver, gave two written statements acknowledging that she inadvertently struck Williams with the pickax in an attempt to hit Ross. Thereafter, defendant was charged in an indictment with murder in the second degree and manslaughter in the first and second degrees. After her motion to suppress the various statements she had made was denied in its entirety, defendant entered a plea of guilty to manslaughter in the first degree and was sentenced to a term of 6⅔ to 20 years' imprisonment. This appeal ensued.

Defendant maintains that County Court erred in refusing to suppress her oral and written statements. We disagree. There is little question that defendant's initial accusations against Ross made in the presence of Patterson were spontaneous and did not implicate any *Miranda* rights. Nor do we find that Patterson's subsequent inquiry, "Well, who hit him?", made while defendant was concededly in custody and before the issuance of *Miranda* warnings, constituted improper custodial interrogation. The question was clearly designed not to elicit

an inculpatory response, but to clarify an ongoing and volatile situation *(see, People v Johnson,* 59 NY2d 1014, 1016; *People v Huffman,* 41 NY2d 29; *People v La Joy,* 109 AD2d 916, 918; *People v Johnson,* 105 AD2d 508; *People v Pierce,* 71 AD2d 931). The further statements made by defendant while being transported, to the effect that she knew she had killed Williams, were not the result of any police prompting; rather, they were spontaneous in nature *(see, People v Rivers,* 56 NY2d 476). The investigators were under no obligation to quell her voluntary remarks *(see, supra,* p 479; *see also, People v Lowe,* 91 AD2d 1100, 1101).

We also find that defendant's statements at the police station were voluntarily made. Although the record confirms that defendant was emotionally upset throughout this scenario, the interrogating officers were sensitive to her status and took deliberate steps in apprising defendant of her *Miranda* rights, which she indicated she understood and waived in writing. Both officers testified that defendant was not under the influence of alcohol or drugs and, while visibly upset, appeared to understand the situation. No request for an attorney was made, nor did defendant attempt to discontinue the interview. Considering the circumstances in their entirety, we find ample support for County Court's determination of voluntariness *(see, People v Dougan,* 116 AD2d 929; *People v Ferkins,* 116 AD2d 760; *People v Gloskey,* 105 AD2d 871, 872).

Finally, the sentence imposed was within the statutory guidelines (Penal Law § 70.02 [1] [a]) and in accord with the plea bargain. Moreover, defendant was given every opportunity to explain her conduct at a lengthy presentence hearing. We, therefore, find no abuse of discretion on the part of County Court in sentencing defendant.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.