■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY N. SHIELDS, JR., Appellant.—Weiss, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered August 14, 1984, convicting defendant upon his plea of guilty of two counts of the crime of robbery in the first degree.

The primary contention on this appeal is whether the People established a knowing and intelligent waiver of defendant's *Miranda* rights. A review of the *Huntley* hearing transcript shows that defendant was implicated in the armed robbery of two convenience stores in Broome County on April 3 and April 5, 1984. At approximately 8:00 A.M. on April 6, 1984, State Police investigators arrived at defendant's home and were informed by his wife that defendant had gone fishing. After conferring with detectives from the Binghamton Police Department, the officers returned to defendant's home within the hour. A college student living with defendant's family answered the door, indicated defendant was not home but invited the police into the house. Further conversation with the student confirmed that defendant was actually upstairs and possibly armed with a rifle. The student indicated that after the first police visit, defendant argued with his wife about the subject robberies. Fearing a possible hostage situation, the police evacuated the immediate area, and for approximately two hours attempted to converse with defendant without success. Eventually, defendant appeared at the top of the stairs holding a shotgun. He was confronted by several armed police officers and persuaded to drop the weapon.

After defendant was taken into custody, Detective Alex J. Minor attempted to apprise him of his *Miranda* rights in the dining room and again in the kitchen. Defendant, who had threatened to commit suicide during this incident, was concededly quite distraught at this point. His mother inquired twice as to whether defendant wanted a lawyer to which he responded negatively each time. Within minutes, defendant was transported to the nearby State Police substation by Minor

and State Police investigator Charles W. Gould. En route Minor again apprised defendant of his *Miranda* rights. After indicating he was willing to talk without a lawyer, defendant failed to respond to the officers' initial inquiries about the robberies, but did eventually concede that the pellet gun used was in his house. Upon arrival at the substation, defendant was apprised of his *Miranda* rights for the fourth time, and again agreed to speak without an attorney. At this point, a detailed conversation about each robbery was reduced to a written statement. After reading the statement, defendant acknowledged it was true but refused to sign until a few corrections were made. The statement was signed shortly before 2:00 P.M. Based on the foregoing, County Court denied the motion to suppress, concluding that while the *Miranda* warnings issued at the house were ineffective, defendant was clearly apprised of his rights in the car and at the substation, and knowingly waived these rights prior to his confession. Defendant then pleaded guilty to a superior court information charging him with two counts of robbery in the first degree and was sentenced to consecutive terms of 2 to 6 years' imprisonment.

Where, as here, the People have initially demonstrated the legality of the police conduct and defendant's waiver, the burden of persuasion on the motion to suppress rests with defendant (*see, People v Di Stefano,* 38 NY2d 640, 651, 652; *People v Dougan,* 116 AD2d 929; *People v Love,* 85 AD2d 799, *affd* 57 NY2d 998). In essence, defendant maintains that an effective waiver of his constitutional rights was not possible in view of his emotional instability and intoxication. As County Court astutely recognized, the traumatic events at defendant's home, where defendant barricaded himself upstairs for a two-hour period, threatened suicide and surrendered at gunpoint, vitiated any *Miranda* warnings given there. Defendant also testified to having consumed approximately a case of beer from the evening of April 5, 1984 until his arrest the next morning. His mother testified that he "reeked" of alcohol and appeared intoxicated. In contrast, neither Gould nor Minor detected the odor of alcohol on defendant's person. While Minor acknowledged that defendant was distraught in the house, he testified that defendant had calmed down while being transported to the substation. Moreover, the fact that defendant provided a detailed account of each robbery and insisted on making corrections to the written statement before signing indicates his ability to comprehend the situation (*see, People v Dougan, supra,* p 930; *People v Levan,* 85 AD2d 779, 780).

Whether defendant had the mental capacity to waive his *Miranda* rights in the police car and at the substation presented a question of fact for the suppression court to resolve *(see, People v Krom,* 91 AD2d 39, 43, *affd* 61 NY2d 187). Considering the entire record, we find County Court had ample basis to determine that defendant's statements were voluntary beyond a reasonable doubt *(see, People v Dougan, supra; People v Gloskey,* 105 AD2d 871, 872; *People v Wilson,* 100 AD2d 690, 691).

Defendant further urges this court to reduce the sentence imposed in the interest of justice, primarily since the robbery incidents were precipitated by his abuse of alcohol and he has since rehabilitated himself while incarcerated. The seriousness of defendant's actions cannot be overstated. Defendant wore a stocking mask during each incident and threatened to utilize a gun. Moreover, defendant was sentenced in accord with his plea bargain. These circumstances prevailing, we find no reason to disturb the imposition of consecutive sentences.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.