■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN BECKER, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to the claim that the People's failure to call Parole Officer John Jenkins at the *Huntley* hearing rendered the proof of the voluntariness of defendant's confession insufficient as a matter of law. At the hearing, the People met their burden of going forward to show the legality of the police conduct in the first instance *(see, People v Di Stefano,* 38 NY2d 640, 652; *People v Berrios,* 28 NY2d 361). Investigator Zambito testified that he contacted defendant, requested that defendant accompany him to the police station, transported him to the station, informed defendant of his constitutional rights, secured a waiver of those rights and obtained the statement from defendant. Zambito further testified that neither he nor Jenkins made any promises or threats to defendant to secure the statement.

Defendant failed, however, to meet the burden of persuasion on the motion to suppress *(see, People v Di Stefano, supra; People v Shields,* 125 AD2d 863). Defendant's testimony was dramatically different from Zambito's and included the claim that he gave the statement only after promises were made to him by both Zambito and Jenkins. The issue for the hearing court was, therefore, one of credibility, and, since the hearing court had the advantage of seeing and hearing the witness's testimony, its determination on that issue should be accorded much weight *(see, People v Prochilo,* 41 NY2d 759, 761). Implicit in the hearing court's decision is the determination that defendant "presented no bona fide factual predicate which demonstrated that [Jenkins] possessed material evidence on the question of whether the statements" were voluntary *(People v Witherspoon,* 66 NY2d 973, 974). That conclusion is fully supported in the record. Accordingly, the People were not required to call Parole Officer Jenkins to establish that defendant's statements were voluntarily made *(see, People v Witherspoon, supra,* at 974). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—attempted burglary, third degree.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.