■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION (BROOKLYN NAVAL SHIPYARD CASES). SYLVIA BLEIWEISS, Individually and as Executrix of ARTHUR BLEIWEISS, Deceased. (And Other Related Actions.) [595 NYS2d 756] —Fifteen judgments, Supreme Court, New York County (Helen Freedman, J.), four entered October 4, 1991, one entered October 8, 1991, three entered October 30, 1991, two entered October 31, 1991 and five entered November 4, 1991, which, after two consolidated jury trials, awarded damages against defendant Keene Corporation ranging from $15,008.66 *(Matter of Traystman)* to $248,411.54 *(Matter of Kalikstein)*, and one judgment, same court and Justice, entered February 13, 1992, in favor of defendant Keene dismissing plaintiff Sutton's complaint, unanimously affirmed without costs, except those entered in *Matter of Frank, Matter of Gordon, Matter of Sylvester, Matter of Traystman* and *Matter of Weiner,* which are unanimously vacated and remanded for a new trial on damages only consistent with the IAS Court's order of October 28, 1991, unless defendant Keene consents to the additurs therein, within 20 days of this order.

The IAS Court properly precluded defendant's relitigation of a substantive point conclusively established against it in prior litigation *(Goldstein v Consolidated Edison Co.,* 93 AD2d 589, *affd* 62 NY2d 936, *cert denied* 469 US 1210). Such preclusion is ultimately a matter of fairness *(see, Hardy v Johns-Manville Sales Corp.,* 681 F2d 334, 348).

The five additurs resulted in awards that do not deviate materially from what would be reasonable compensation (CPLR 5501 [c]), and were not abuses of discretion *(see, Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478).

Since plaintiff Sutton's trial was expressly limited to the question of injury from mesothelioma, evidence that death was due to bronchogenic carcinoma would have resulted in undue prejudice to defendant and thus it was not an abuse of discretion to preclude such evidence *(see, Assante v City of New York,* 173 AD2d 430). Concur—Ellerin, J. P., Wallach, Kupferman and Asch, JJ.