■ In the Matter of TERRANCE W., a Person Alleged to be a Juvenile Delinquent, Appellant. MONROE COUNTY ATTORNEY, Respondent. [674 NYS2d 529] —Order unanimously affirmed without costs. Memorandum: In this juvenile delinquency proceeding, Family Court determined that respondent is an incapacitated person and conducted a probable cause hearing (*see*, Family Ct Act § 322.2). Respondent appeals from an order finding probable cause to believe that he committed acts that, if committed by an adult, would constitute the felonies of arson in the second degree (Penal Law § 150.15) and criminal mischief in the second degree (Penal Law § 145.10) and committing him to the custody of the Commissioner of Mental Retardation and Developmental Disabilities for an initial period not exceeding one year (*see*, Family Ct Act § 322.2 [5] [a]). That order is a final order that may be appealed as of right pursuant to Family Court Act § 1112.

We reject respondent's contention that the court erred in refusing to conduct a hearing on the issue of incapacitation. Although Family Court Act § 322.2 (1) provides that "the court shall conduct a hearing to determine whether the respondent is an incapacitated person", no hearing is necessary where, as here, the presentment agency concedes that the respondent is incapacitated and respondent raises no factual issue to warrant a hearing.

Respondent contends that the statement in the supporting deposition of his mother that he communicated to her by signing and motioning that he used matches to start the fire does not constitute an admission because it was a nonverbal communication. We disagree. A witness may testify concerning a statement made by another person who communicates nonverbally by sign language, gestures or nods (*see, People v Caviness*, 38 NY2d 227, 230; *People v Esteves*, 152 AD2d 406, 411, *lv denied* 75 NY2d 918; *People v Zollbrecht*, 145 Misc 2d 880, 885-886; *see generally*, Prince, Richardson on Evidence § 8-103 [Farrell 11th ed]). The record does not support the further contention of respondent that his method of communication with his mother is unreliable. Thus, the court properly determined that the petition was sufficient on its face (*see*, Family Ct Act § 311.2).

We reject the contention of respondent that his mother's testimony at the probable cause hearing regarding his nonverbal communication was protected by the parent-child privilege (*see, Matter of Mark G.*, 65 AD2d 917). (Appeal from Order of Monroe County Family Court, Bonadio, J.—Juvenile Delinquency.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.