■ EMILIO PERALES, Respondent, v CITY OF NEW YORK, Appellant. [711 NYS2d 9] —Judgment, Supreme Court, Bronx County (Luis Gonzalez, J.), entered December 11, 1998, which, after a jury trial and upon an order of the same court and Justice reducing the verdict, awarded plaintiff damages

structured pursuant to CPLR article 50-B, affirmed, without costs.

Defendant's sole appellate contention, that the trial court erred in declining to charge comparative negligence, is without merit. Although comparative negligence is usually a jury question, the trial court properly decided the issue as a matter of law, since no valid line of reasoning based on the trial evidence permitted the fact finder to conclude rationally that plaintiff was negligent (*see, Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, 327, *lv denied* 94 NY2d 754). It was not plaintiff's burden to prove freedom from negligence by providing evidence that he used due care in walking along the icy street where he fell (*see, Marshall v Handler*, 237 AD2d 158). Rather, it was incumbent upon defendant to demonstrate that there was an alternative, safer route that plaintiff chose not to take (*see, McGuire v Spence*, 91 NY 303, 305-306).

Contrary to defendant's characterization of the record, plaintiff's trial testimony did not contain an explicit admission that he saw the ice before he fell. In any event, even if the record permits competing inferences on this point, the issue is not whether he had notice of the hazard, but whether he could have avoided it (*see, Kaplan v 48th Ave. Corp.*, 267 App Div 272, 274). At no time during the trial did defendant make any effort to show what reasonable precautionary measures plaintiff could have taken to avoid walking on the icy street (*see, Porter v Avlis Contr. Corp.*, 57 AD2d 222, 225). Defendant's arguments to this Court are similarly devoid of any concrete suggestions as to what plaintiff could have done differently. A comparative negligence charge is inappropriate where there are no specific factual allegations to support it (*supra,* at 226) and no valid line of reasoning which could lead the jury to find plaintiff comparatively negligent (*see, Sundt v New York State Elec. & Gas Corp.* [appeal No. 2], 103 AD2d 1014, 1016, *mot to dismiss appeal granted* 63 NY2d 771).

The verdict as to future damages, as reduced by the trial court on the defense motion, does not deviate materially from what is reasonable compensation, and the decision of the trial court reducing the award was proper (*see, Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases]*, 191 AD2d 351, *lv dismissed in part and denied in part* 82 NY2d 682). Concur—Rosenberger, J. P., Williams, Lerner and Andrias, JJ.

Friedman, J., dissents in a memorandum as follows: It has long been the rule that an instruction on the question of comparative negligence should be given to a jury when there is

any valid line of reasoning and permissible inferences that could possibly lead a rational person to conclude that the plaintiff was negligent (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 517; *Wartels v County Asphalt*, 29 NY2d 372, 379). Supreme Court, in rejecting defendant's request to submit the issue to the jury, violated this well-established principle.

On January 22, 1994, plaintiff had been at his uncle's home when he decided to go out and buy a pair of shoes. After traversing two blocks, plaintiff reached an icy sidewalk in front of defendant's lot where he slipped and fell. At the time of the fall, the sidewalk was covered with hard ridged ice. In fact, the first police officer to arrive at the scene testified that "[t]here was a lot of ice, very heavy ice * * * it was very rocky * * * very, very thick" and she was herself concerned that in approaching plaintiff she might fall. On appeal, plaintiff notes that the ice arose from snow that had congealed and hardened by the passage of vehicles into and out of the lot.

At the post-trial charge conference, defendant requested that the jury be instructed on the law regarding plaintiff's comparative negligence. The trial court, however, refused to give such an instruction. In my view, this was error.

What is evident from plaintiff's testimony is that he walked the two blocks from his uncle's home to the location of the accident without incident. This fact, when juxtaposed with the officer's description of the ice as being peculiarly dangerous at the accident location, makes it clear that the icy condition in front of defendant's lot was different in kind from that of the surrounding area.

Notwithstanding the obviously precarious nature of the ice and its unique danger, plaintiff made a decision—a decision he was not compelled to make. In this regard, faced with the menacing condition of the sidewalk, plaintiff chose to proceed ahead even though he had at least one other safer alternative, namely, to turn back. After all, it can be readily inferred from the evidence that the route plaintiff walked to the place of his fall must have been far safer than the ice upon which he fell. Moreover, there must have been many other alternative routes available to plaintiff. Even plaintiff in his appellate brief acknowledges that had plaintiff walked in the street he would have avoided the ice. Hence, plaintiff's decision to traverse the ice and expose himself to its obvious danger, instead of choosing some alternate path, raised a question of fact as to whether his conduct was culpable (*cf., Stirpe v Maloney & Sons*, 252 AD2d 871; *Morgan v Genrich*, 239 AD2d 919). While the majority declines to take cognizance of the alternatives, a common

sense interpretation of the evidence compels the conclusion that they existed.

In fact, plaintiff himself apparently recognizes the inevitability of this conclusion but asserts that Supreme Court's failure to give the charge is excusable because defendant did not focus its cross-examination on the topic of alternative routes. This, however, does not provide a basis for precluding the defense of comparative negligence. In determining whether an instruction is required, the question is not whether defendant elicited evidence supporting the instruction, but whether there is any evidence within the four corners of the testimony warranting the instruction, regardless of who elicited it (*see*, *Keeton v Cardinal O'Hara High School*, 233 AD2d 839; *National Bank v Systems Home Improvement*, 69 AD2d 557, 562, *affd* 50 NY2d 814; *cf.*, *People v Steele*, 26 NY2d 526, 528). Here, an instruction on comparative negligence was warranted based upon the evidence plaintiff himself submitted.

In sum, the question of a plaintiff's comparative negligence is " 'almost always * * * a question of fact' and is 'almost exclusively a jury function' " (*Nallan v Helmsley-Spear, Inc.*, *supra*, at 516-517, quoting *Wartels v County Asphalt*, 29 NY2d 372, 379, *supra*). In view of this record, I cannot conclude, as does the majority, that this is that rare case where a court may state, as a matter of law, that plaintiff was not in any manner culpable. As indicated, there was a line of reasoning that, without resort to any speculation, supported an instruction on comparative negligence.

Accordingly, I would reverse the judgment of Supreme Court and remand this case for a new trial limited to the issue of plaintiff's negligence.