■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH MATHIS, Appellant. [778 NYS2d 613]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered June 11, 2002. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and sodomy in the first degree (former § 130.50 [1]). We reject the contention of defendant that he was denied effective assistance of counsel. Defendant failed "to demonstrate the absence of strategic or other legitimate explanations for" defense counsel's failure to offer into evidence the results of DNA testing of the vaginal swab from the victim (*People v Rivera,* 71 NY2d 705, 709 [1988]). Those results, indicating the presence of semen from two men other than defendant, were "neither relevant nor admissible in the interest of justice (*see,* CPL 60.42, 60.43)" in the circumstances of this case (*People v Mount,* 285 AD2d 899, 900 [2001], *lv denied* 97 NY2d 642 [2001]; *see People v Rasmussen,* 275 AD2d 926, 927 [2000], *lv denied* 95 NY2d 968 [2000]). We agree with defendant that defense counsel's examination of defendant's expert urologist did not aid and may have harmed the defense. Nevertheless, that single error did not "so seriously compromise[ ] . . . defendant's right to a fair trial" that it qualifies as ineffective representation (*People v Hobot,* 84 NY2d 1021, 1022 [1995]; *see People v Benevento,* 91 NY2d 708, 712-713 [1998]). Rather, the evidence, the law and circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]). Contrary to defendant's further contention, the record provides an adequate basis to connect the two sodomy counts in the indictment to the specific acts charged therein, thus permitting meaningful appellate review of the conviction (*see People v Drayton,* 198 AD2d 770 [1993]; *cf. People v McNab,* 167 AD2d 858 [1990]). Further, the verdict acquitting defendant of the first charged count of sodomy and finding him guilty of the second charged count of sodomy does not implicate the prohibition against double jeopardy. In his opening statement and summation, the prosecutor pointed out the sequence in which the charged crimes allegedly occurred,

and the victim testified to the acts in the order in which they were charged in the indictment. "Thus, there is no danger that different jurors convicted defendant based on different alleged acts of [sodomy]" (*People v Alston,* 275 AD2d 997, 997 [2000], *lv denied* 96 NY2d 756 [2001]). Finally, in our view the imposition of consecutive terms of imprisonment renders the sentence unduly harsh (*see* CPL 470.15 [6] [b]). Therefore, as a matter of discretion in the interest of justice, we modify the judgment by directing that the sentences shall run concurrently. Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.