OPINION OF THE COURT
Richard F. Braun, J.
Plaintiff Robin Hairston was a coach cleaner for defendant Metro-North Commuter Railroad. After midnight on January 28, 1997, she was assigned to clean a railroad car at the North *400 White Plains station yard. After doing so, she exited the train car. While exiting the car, she slipped and fell to the ground, and injured her back. She sued defendant under the Federal Employers’ Liability Act.
Unbeknownst to plaintiff at the time, after her accident defendant had taken a surveillance videotape of her. Pursuant to CPLR 3101 (i), plaintiff obtained a copy thereof during discovery. Defendant did not offer the tape into evidence during the nine-day trial before this court and a jury. Presumably, that was because the tape showed plaintiff going through her life’s activities outdoors using a walker. However, plaintiff wanted to offer the videotape into evidence. Defendant moved in limine to preclude plaintiff from obtaining admission of the tape into evidence. Defendant objected to the admission of the videotape into evidence on five grounds. The first was that the videotape was not self-authenticating. Second, defendant raised the objection that the videotape was hearsay, and not a business record because it was not taken in the regular course of business. Third, defendant objected that, just because defendant was not introducing the videotape into evidence, plaintiff cannot automatically get the tape into evidence. The fourth basis of defendant’s motion was that the prejudice to defendant of the videotape evidence outweighs its probative value. Finally, defendant objected that the videotape was cumulative.
This court held a hearing outside the presence of the jury to determine whether the videotape would be admitted into evidence upon plaintiff’s offer. Plaintiff testified that the videotape was accurate. Defendant’s attorney conceded that the videotape was the same one that he turned over to plaintiff’s counsel. Thus, under the circumstances, plaintiff did not have to call the videographer to authenticate the tape (see Zegarelli v Hughes, 3 NY3d 64, 69 [2004]). The tape was shown to be authentic.
The videotape had no sound other than static. Plaintiff did not commit any nonverbal acts that constituted hearsay (see People v Nieves, 67 NY2d 125, 131 n 1 [1986]; Matter of Terrance W., 251 AD2d 1004 [4th Dept 1998]; People v Esteves, 152 AD2d 406, 411 [2d Dept 1989]). Thus, the hearsay objection was overruled (cf. Rivera v Eastern Paramedics, 267 AD2d 1029, 1030-1031 [4th Dept 1999] [where it was held that the sound part of a videotape was not admissible because the comments by nurses and description of care were hearsay]).
Of course, defendant was correct that the videotape did not come into evidence automatically for the plaintiff where defen *401 dant did not want to introduce the videotape. Plaintiff had to demonstrate the tape’s admissibility upon defendant’s objection. Plaintiff showed that the tape was authentic, and that it was relevant and material to the issue of damages in this action. Admitting the videotape into evidence may have been prejudicial to defendant. Admission of evidence favorable to one party and damaging to another naturally can cause prejudice to the latter. The standard, however, is not prejudice but undue prejudice (see People v Buie, 86 NY2d 501, 511 [1995]; Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases] [Bleiweiss], 191 AD2d 351 [1st Dept 1993]). Here, the videotape was not unduly prejudicial to defendant but rather was probative of plaintiffs damages claims (cf. DiMichel v South Buffalo Ry. Co., 80 NY2d 184, 198 [1992] [where it was highly prejudicial of plaintiffs counsel to comment in summation to the jury about defendant’s having taken surveillance films, which were not introduced into evidence at the trial]).
Finally, defendant asserted an objection that the videotape was cumulative. Plaintiff was in the middle of her direct testimony at the time of the hearing as to the videotape’s admissibility. There is a significant difference between hearing witnesses talk about an injured party’s injuries and graphically seeing her in a video using a walker. Thus, the videotape was not cumulative.
Therefore, the motion was denied (see Barnes v New York State Thruway Auth., 176 Misc 2d 195, 200 [Ct Cl 1998]; cf. Baird v Campbell, 155 Misc 2d 857, 861 [Sup Ct, Queens County 1992] [where the trial court did not permit the plaintiff to introduce surveillance tapes at trial]). Defendant chose to take a surveillance video, and it was not to defendant’s liking so defendant did not introduce the tape into evidence. Defendant was hoisted by its own petard in videotaping plaintiff. Plaintiff introduced the videotape which was admitted into evidence. The videotape was later shown to the jury while plaintiffs attorney was cross-examining the doctor employed by defendant, who evaluated plaintiff.
The verdict was for the plaintiff for $242,000, with defendant and plaintiff each found to be 50% culpable. The motions to set aside the verdict were denied.