■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DRUMM, Appellant. [788 NYS2d 756]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered September 10, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [1]). We reject the contention of defendant that the People's failure to call as witnesses at the *Huntley* hearing any of the Irondequoit police officers who apprehended him rendered the proof of the voluntariness of his statements to the police insufficient as a matter of law. The People met their burden at the hearing of "going forward to show the legality of the police conduct in the first instance" (*People v Di Stefano*, 38 NY2d 640, 652 [1976]; *see People v Becker*, 154 AD2d 927 [1989], *lv denied* 75 NY2d 767 [1989]). The testimony of a Monroe County Sheriff's investigator established that defendant was advised of his *Miranda* rights and validly waived them before giving a written statement to that investigator as well as a second written statement to another investigator. "Where, as here, the People have initially demonstrated the legality of the police conduct and defendant's waiver, the burden of persuasion on the motion to suppress rests with defendant" (*People v Shields*, 125 AD2d 863, 864 [1986], *lv denied* 69 NY2d 955 [1987]; *see Di Stefano*, 38 NY2d at 652), and defendant failed to meet that burden herein. Defendant "presented no bona fide factual predicate which demonstrated that [the apprehending] officers possessed material evidence on the question of whether the statements were the

product overtly or inherently of coercive methods, [and thus] the People could meet their burden through the testimony of the [investigators] who elicited [the written statements]" (*People v Witherspoon*, 66 NY2d 973, 974 [1985]). We therefore conclude that the People established that the written statements were voluntarily given to the investigators (*see generally People v Anderson*, 42 NY2d 35, 38-39 [1977]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.