■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL R. CABALLERO, Appellant. [803 NYS2d 849]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered January 8, 2003. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, after a jury trial, of sodomy in the first degree (Penal Law former § 130.50 [3]), sexual abuse in the first degree (§ 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that County Court erred in denying the motion to sup-

press his written statement as the fruit of unlawful pre-*Miranda* questioning. Defendant failed to preserve for our review his contention that his pre-*Miranda* conversation with the police constituted custodial interrogation by failing to raise that specific contention in his motion papers or at the hearing (*see* CPL 470.05 [2]; *People v Jacquin*, 71 NY2d 825, 826-827 [1988]; *see also People v Myers*, 1 AD3d 382, 383 [2003], *lv denied* 1 NY3d 631 [2004]; *People v Martinez*, 287 AD2d 654 [2001], *lv denied* 97 NY2d 757 [2002]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the People met their burden of proof at the *Huntley* hearing. "Where, as here, the People have initially demonstrated the legality of the police conduct and defendant's waiver, the burden of persuasion on the motion to suppress rests with defendant" (*People v Shields*, 125 AD2d 863, 864 [1986], *lv denied* 69 NY2d 955 [1987]; *see People v Drumm*, 15 AD3d 910 [2005], *lv denied* 4 NY3d 853 [2005]). Defendant failed to meet that burden. "Defendant 'presented no bona fide factual predicate which demonstrated that [the apprehending] officers possessed material evidence on the question of whether the statements were the product of overtly or inherently coercive methods, [and thus] the People could meet their burden through the testimony of the [investigating officer] who elicited [the written statement]' " (*Drumm*, 15 AD3d at 910-911, quoting *People v Witherspoon*, 66 NY2d 973, 974 [1985]).

Defendant also contends that reversal is required because the jury may have convicted him of an unindicted crime and different jurors may have convicted him based on different acts. We reject that contention. Although the victim testified that defendant committed the criminal acts on more than 10 occasions, "[t]he court's charge to the jury eliminated any 'danger that the jury convicted defendant of an unindicted act or that different jurors convicted defendant based on different acts' " (*People v Gerstner*, 270 AD2d 837, 838 [2000], quoting *People v Whitfield*, 255 AD2d 924, 924 [1998], *lv denied* 93 NY2d 981 [1999]; *cf. People v McNab*, 167 AD2d 858; *see generally People v Mathis*, 8 AD3d 966, 967 [2004], *lv denied* 3 NY3d 709 [2004]; *People v Alston*, 275 AD2d 997 [2000], *lv denied* 96 NY2d 756 [2001]; *People v Drayton*, 198 AD2d 770 [1993]; *People v Curtis*, 195 AD2d 968, 969 [1993], *lv denied* 82 NY2d 752 [1993]).

Finally, we reject defendant's contention that the failure to record the interrogation electronically requires reversal (*see People v Oglesby*, 15 AD3d 888, 889 [2005], *lv denied* 4 NY3d 855 [2005]; *People v Martin*, 294 AD2d 850 [2002], *lv denied* 98

NY2d 711 [2002]; *People v Falkenstein*, 288 AD2d 922, 923 [2001], *lv denied* 97 NY2d 704 [2002]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.