■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEMMIE HARTLEY, JR., Appellant. — Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered January 3, 1983, upon a verdict convicting defendant of the crime of manslaughter in the first degree. ¶ Donna Stout was killed at her Clinton County residence on May 25, 1982 by multiple blows to her head with an axe. Defendant, a member of the United States Air Force stationed at Plattsburgh and acquainted with Stout, met with police that day and on several occasions thereafter to discuss his possible involvement in her death. He was arrested on May 28, 1982 after signing a written confession. He was indicted on two counts of murder in the second degree (Penal Law, § 125.25, subds 1, 2) and convicted following a jury trial of the crime of manslaughter in the first degree (Penal Law, § 125.20, subd 2). Defendant now appeals from the judgment of conviction. ¶ The main thrust of defendant's appeal concerns the admissibility of his confession. He argues that his confession should have been suppressed because (1) it was the product of a custodial interrogation which lacked probable cause, (2) the investigating police impermissibly coerced him into giving the confession, and (3) his right to counsel was violated. On each of these issues, the suppression court ruled in favor of the prosecution. In reviewing the suppression court's rulings we note that, where different inferences may be drawn from the proof, the choice of inferences rests with the trier of fact and should not be rejected by an appellate court unless unsupported as a matter of law (see, e.g., *People v Yukl,* 25 NY2d 585, 588, cert den 400 US 851; *People v Leonti,* 18 NY2d 384, 390; *People v Close,* 90 AD2d 562, 564; *People v Munro,* 86 AD2d 683, 684; *People v McNeeley,* 77 AD2d 205, 208-209). ¶ The suppression court found that defendant was not in custody prior to his confession and that, therefore, the question of whether probable cause existed before that point was moot. Testimony

elicited at the suppression hearing from the six investigating officers and defendant supports the conclusion that defendant's involvement with the police was voluntary until after he signed the last statement. ¶ At issue on the charge of coercion are the activities of Officers Max Hunt and Steven Pendergast on the day defendant gave his confession. Both officers denied applying any coercive tactics. In the light of these denials and defendant's testimony that there was no threat of physical force used against him, that he was read his *Miranda* warnings repeatedly and that, without prompting, he requested to be alone with Senior Investigating Officer Fred Wright to revise his statement, we cannot say that the suppression court erred in holding that the confession was voluntary. ¶ Concerning defendant's right to counsel, defendant contends that he informed the police that he had an appointment with an attorney on the afternoon that he made his final statement. This was denied by the police and the suppression court accepted their version. The suppression court had the responsibility of determining the credibility of the witnesses (see *People v Close, supra*), but, even accepting defendant's testimony completely, there was no evidence that any attorney-client relationship existed prior to the confession. Because defendant was not in custody at the time of his confession and because he had neither retained counsel nor requested interruption of the interrogation to obtain counsel after being given his *Miranda* rights repeatedly, his statement cannot be considered involuntary within the meaning of *People v Cunningham* (49 NY2d 203) or its progeny. ¶ Apart from defendant's arguments concerning his confession, defendant contends that the trial court erred in failing to charge the crime of second degree manslaughter (Penal Law, § 125.15, subd 1) and criminally negligent homicide (Penal Law, § 125.10) as lesser included offenses of the crime of murder in the second degree. The culpable mental states required for the crimes of manslaughter in the second degree and criminally negligent homicide are the only definitional distinctions between those two crimes and the crime of murder in the second degree, with which defendant was charged (see *People v Green,* 56 NY2d 427, 429). Therefore, we must examine whether a reasonable view of the evidence would support a finding that defendant committed manslaughter in the second degree or criminally negligent homicide but not murder in the second degree (see *People v Glover,* 57 NY2d 61). The fact that the wounds inflicted upon the victim were numerous, that they were inflicted by an axe, and that at least one of the blows to the head was inflicted after the victim lost consciousness, support a conclusion that defendant's acts were neither reckless (Penal Law, § 125.15) nor negligent (Penal Law, § 125.10), but, rather, intentional in nature. ¶ We have examined defendant's remaining arguments and find them to be without merit. ¶ Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.