■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HAYES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered March 3, 1983, convicting him of robbery in the first degree (four counts), and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to an Assistant District Attorney.

Ordered that the judgment is affirmed.

The defendant's principal contention is that he invoked the right to counsel at the start of a videotaped interview by an Assistant District Attorney, and that any statement made thereafter without counsel present should have been suppressed *(see, People v Skinner,* 52 NY2d 24; *People v Cunningham,* 49 NY2d 203). However, the defendant's comment about calling a lawyer, in the context given, was not an assertion of a desire not to respond to questions without counsel and "at most manifested a desire to consult with an attorney" *(People v Johnson,* 79 AD2d 201, 204 [Callahan, J., dissenting], *revd* 55 NY2d 931, *on dissenting opn at App Div).* The right to counsel does not attach absent an unequivocal assertion *(People v Johnson,* 55 NY2d 931, *supra; People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703). The Assistant District Attorney properly made further inquiry following the defendant's statement by ascertaining if the defendant wished to invoke his right to counsel. He repeated that the defendant had a right to an attorney before he spoke and asked again if the defendant wanted to talk even though an attorney was not present. The defendant's responses clarified the defendant's prior comment

and ensured that he had not invoked the right to counsel and the statement he thereafter made was properly admitted in evidence.

The defendant also claims that he was prejudiced by the admission at trial of a confession by his codefendant Blount *(see, Bruton v United States,* 391 US 123). However, Blount took the stand and testified in his own behalf. Where a codefendant testifies even "if only to denounce the confessions", then he is available to be cross-examined by the defendant and the right of confrontation is not violated *(Nelson v O'Neil,* 402 US 622, 629-630; *People v Payne,* 35 NY2d 22; *People v Ragonesi,* 63 AD2d 741, 742; *People v Ortiz,* 32 AD2d 747, *affd* 27 NY2d 696). Furthermore, we note that the confessions were interlocking.

We have examined the defendant's remaining contentions and have found them to be without merit. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.