◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PUBLIO SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), dated November 15, 1985, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent terms of imprisonment of 4 to 12 years and 2 to 6 years, respectively. The appeal brings up for review the denial, after a hearing (Lombardo, J.), of that branch of the defendant's motion which was to suppress a videotaped statement made to law enforcement authorities.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of the sentence imposed on the defendant's conviction of manslaughter in the first degree from a term of imprisonment of 4 to 12 years to a term of imprisonment of 2 to 6 years; as so modified, the judgment is affirmed.

On the instant appeal, the defendant argues, inter alia, that (1) he invoked his right to counsel during his custodial interrogation by an Assistant District Attorney, (2) his subsequent waiver of the right to counsel, in the absence of counsel, was ineffective, pursuant to People v Cunningham (49 NY2d 203) and (3) his videotaped statement to the Assistant District Attorney should therefore have been suppressed.

We disagree with the defendant's argument.

The record indicates that after the defendant was specifically advised of his right to counsel by the Assistant District

Attorney, the defendant asked the following question: "Will you supply one now so that I may ask him should I continue with this interview at this moment?"

In response to that question the following colloquy ensued:

"Q Okay, do you want to speak to the lawyer? Do you want to consult a lawyer?

"A Well, I really have nothing to hide and—but by the same token, I don't know how detrimental this will be to me.

"Q Okay, do you wish to consult a lawyer before you proceed with this interview?

"A Well, like I said, I have nothing to hide so go ahead.

"Q Okay, if you wish—if you wish to speak to a lawyer or to have a lawyer present, I will not question you. Do you understand what I have just said?

"A I understand perfectly.

"Q If you answer some of my questions, you may stop at any time and thereafter refuse to answer any further questions.

"A That's understood.

"Q You can pick and choose which questions you care to answer. Do you understand what I have just said?

"A It's understood.

"Q Okay, Now that you've been advised of your rights, do you wish to speak to me at this time?

"A Ask away".

The defendant's question did not constitute an unequivocal invocation of his right to counsel, and, therefore, the presence of counsel was not necessary in order to effectuate a valid waiver of his right to counsel (see, People v Hicks, 69 NY2d 969). The record supports the Supreme Court's finding that the defendant's waiver of counsel was voluntarily, knowingly and intelligently made. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to suppress the videotaped statement.

We have reviewed the defendant's sentence, and find it, under all of the circumstances, to be excessive to the extent indicated.

Finally, we have reviewed the defendant's remaining arguments, including those raised by him pro se, and find them to be either unpreserved for appellate review, or without merit. Mangano, J. P., Niehoff and Sullivan, JJ., concur.

Harwood, J., dissents and votes to reverse the judgment appealed from, on the law and the facts, and grant that

branch of the defendant's omnibus motion which was to suppress the defendant's custodial statement, and order a new trial, with the following memorandum: Upon the defendant being informed that he could "speak to a lawyer or have one present and [if he could] not afford a lawyer, one [would] be supplied to [him] free of cost", the following ensued:

"A *Will you supply one now?*

"Q Excuse me, sir?

"A *Will you supply one now so that I may ask him should I continue with this interview at this moment* * * *

*"Other than that,* I really have no qualms and—

"Q Okay, do you want to speak to the lawyer? Do you want to consult a lawyer?

"A Well, I really have nothing to hide and—*but by the same token, I don't know how detrimental this will be to me"* (emphasis supplied).

Once "an individual in custody has expressed the need for counsel, evidence subsequently obtained from him * * * in the absence of counsel and without counsel's consent will be excluded from use upon [the] trial" *(People v Rowell,* 59 NY2d 727, 730, citing *People v Cunningham,* 49 NY2d 203, 209-210). By his questions and his statement, the defendant here unequivocally communicated his "qualms" about his competence to deal with the authorities without legal advice *(see, People v Cunningham, supra,* at 209), at which point the Assistant District Attorney should have terminated the interrogation until counsel was obtained. Instead, the Assistant District Attorney ignored and evaded the defendant's inquiries and assertion, thereby obtaining a "waiver" that is, at best, premised on ignorance and confusion *(cf., People v Cunningham, supra,* at 207-208).

I do not agree with the majority's finding, a finding not articulated by the hearing court, that the defendant did not invoke his right to the advice of counsel before making the decision to waive the privilege against self-incrimination and the right to the assistance of an attorney *(see, People v Esposito,* 68 NY2d 961; *People v Cunningham, supra).* Because, in my view, the defendant asserted an unequivocal but ignored need for legal advice at the outset of the interrogation, the now-affirmed finding that the defendant otherwise knowingly, intelligently and voluntarily waived that right becomes immaterial *(People v Cunningham, supra; People v Esposito, supra).*

Use at the trial of the videotaped statement elicited by the

Assistant District Attorney should have been suppressed and failure to do so requires a new trial. I therefore do not address whether other errors the defendant claims to have occurred also deprived him of a fair trial.