THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MALCOLM KEMP, Appellant.

Third Department, November 19, 1987

---

**APPEARANCES OF COUNSEL**

*James P. Roman* for appellant.

*Neal P. Rose, District Attorney,* for respondent.

**OPINION OF THE COURT**

MAIN, J. P.

Following an adverse determination of his motion to suppress inculpatory statements, the 17-year-old defendant pleaded guilty to sodomy in the first degree in full satisfaction of a six-count indictment alleging various sex crimes with minors. County Court refused to adjudicate defendant as a youthful offender and sentenced him to an indeterminate term of incarceration of 2 to 6 years. On this appeal, defendant's primary claim is that County Court erred in failing to suppress the inculpatory statements because they were made in violation of his right to counsel.

At the suppression hearing, the People introduced evidence through the testimony of their only witness, State Police Investigator Dennis Dougherty, to establish that on March 31, 1986 Dougherty took defendant into custody as a suspect in a child abuse case which was under investigation, that defendant orally confessed to the crimes within five minutes after being advised of his rights at the beginning of the interrogation and waiving his right to counsel, and that shortly thereafter defendant's confession was reduced to writing. Dougherty further testified that until after the oral and written statements were completed, he had no knowledge and defendant made no mention of an unrelated petit larceny charge which was then pending in a local Town Justice Court following defendant's arrest by a County Deputy Sheriff and for which

defendant had requested counsel, although no assignment had then yet been made. On cross-examination, however, Dougherty admitted that he could not remember whether he learned of the pending unrelated charge before or after completion of the written statement. Dougherty did consistently testify that the oral confessions were made before he had any knowledge of the unrelated pending charge. Defendant's proof sought to show that defendant mentioned the unrelated pending charge before any inculpatory statements were made and that he was coerced and intimidated into making the statements.

County Court denied defendant's motion, finding that the waiver of the right to counsel was knowingly, voluntarily and intelligently made, and that Dougherty had no knowledge of defendant's pending unrelated charge until after the confessions were completed. County Court further distinguished representation by counsel from a request for assigned counsel and noted that because defendant had only requested counsel, Dougherty could not be charged with knowledge of defendant's representation under any circumstances.

Initially, we recognize that on a motion to suppress inculpatory statements, the defendant bears the burden of persuasion, but the People must first establish the legality of the police conduct and the defendant's waiver (see, e.g., People v Love, 85 AD2d 799, affd 57 NY2d 998). Furthermore, the right to counsel requires police to inquire of a defendant the status of his representation where the police are aware of prior charges pending against him, but are uncertain of such status, and the failure to do so renders the police chargeable with the information such inquiry would have yielded (see, e.g., People v Bartolomeo, 53 NY2d 225; People v Kazmarick, 52 NY2d 322; People v Rogers, 48 NY2d 167).

■ ■ In this case, we cannot say that the People prevailed in their burden as to the written statement. Dougherty could not say with certainty whether he learned of the prior unrelated charge before or after the written statement was taken. If he learned before, Dougherty must be charged with what an inquiry about the status of defendant's representation thereon would have yielded (see, e.g., People v Bartolomeo, supra); specifically, that defendant had requested assignment of counsel, but due to the administrative difficulties encountered by some rural Town Courts, no assignment had then yet been made. Inasmuch as defendant's request for counsel demonstrated a need for legal assistance (see, e.g., People v Cunningham, 49 NY2d 203, 209-210), we will not permit defendant's

right to counsel to be abrogated by unavoidable administrative shortcomings. Thus, all questioning should have stopped when Dougherty learned that defendant sought counsel on the prior unrelated charge, which, according to Dougherty, occurred after the oral confession but possibly before the written statement. On this record, we conclude that Dougherty's testimony fails to satisfy the People's burden as to the written statement, which must be suppressed. Crediting Dougherty's testimony, the oral statement was given before any disclosure of the pending unrelated charge and, thus, is admissible.

■ We reject defendant's contention that any statement was coerced. It was within County Court's discretion to credit Dougherty's testimony on this point. We also find no violation of defendant's rights as to the alleged admissions by defendant during his hearing testimony. The question objected to related solely to whether defendant remembered admitting certain items to Dougherty. Defendant retained the right to show upon trial that such information should be disregarded (CPL 710.70). Finally, we need not reach the issue of the propriety of defendant's sentence. We do note, however, that the record is unclear on what basis defendant's application for youthful offender treatment was denied in view of County Court's recognition that incarceration was not appropriate and of the apparent availability of a long-term residential psychiatric treatment center. Should sentencing again become an issue, we suggest that the reasoning for the sentence imposed be stated more precisely.

MIKOLL, YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Judgment reversed, on the law, motion to suppress as to the written statement granted, and matter remitted to the County Court of Madison County for further proceedings not inconsistent herewith.