■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TORRES PADILLA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered March 19, 1985, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a confession made by him to the police.

Ordered that the judgment is affirmed.

The court properly denied suppression of the defendant's confession. The defendant, who speaks Spanish, was given his *Miranda* rights in English in a police car on the way to the station prior to his arrest. The defendant stated that he understood these rights and waived them. Basically, the defendant told the officer that he and the complainant engaged in consensual intercourse. The defendant was arrested shortly thereafter. Approximately one hour after the defendant was given the *Miranda* warnings in English, the warnings were given to him in Spanish. However the warnings which he received in Spanish did not advise him that if he chose to talk he could stop at any time. The defendant stated that he understood, and waived his rights. After conversing with detectives for approximately 30 minutes, the defendant was again read his rights in Spanish. These rights were in all respects proper and the same as the rights which were initially recited to the defendant in English. The defendant again indicated his understanding and waiver of his rights and proceeded to make an inculpatory statement.

There is ample evidence which supports the hearing court's determination that the defendant understood English and knowingly, intelligently, and voluntarily waived his rights when he received them in English *(see, People v Tineo,* 144 AD2d 507). Thus, the defendant had been fully and properly advised of his rights one hour before he was given the arguably defective warnings in Spanish. Under these circumstances, the defendant was not even entitled to a further admonition after he received his rights in English, and his initial waiver of his rights provided a sufficient basis upon which to refuse to suppress his confession *(see, People v Bernacet,* 108 AD2d 921; *see also, People v Jordan,* 110 AD2d 855).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.