■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered October 21, 1986, convicting him of murder in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's principal contention is that he invoked the right to counsel during his questioning by police officers at the precinct, and that his statement made thereafter without counsel present should have been suppressed *(see, People v Skinner,* 52 NY2d 24; *People v Cunningham,* 49 NY2d 203). However, the hearing court found that the defendant's comments did not rise to a level where the defendant was invoking his right to counsel. The police officer testified that he thought he heard the defendant express a need for counsel. When the police officer sought clarification as to what the defendant had said, the defendant asked the police officer, "Do you think I need a lawyer?" In response, the police officer referred to the *Miranda* rights he had administered to the defendant prior to commencing questioning. The defendant's question did not constitute an unequivocal invocation of his right to counsel, and therefore the presence of counsel was not necessary in order to effectuate a valid waiver of counsel *(see, People v Santiago,* 133 AD2d 429; *People v Hayes,* 127 AD2d 608; *People v Sanchez,* 117 AD2d 685). The right to counsel

does not attach absent an unequivocal assertion *(see, People v Johnson,* 55 NY2d 931; *People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703).

Moreover, the police officer did not have an obligation to advise the defendant further beyond advising him of his constitutional rights *(see, People v Santiago,* 133 AD2d 429, *supra; People v Hayes,* 127 AD2d 608, *supra).* Neither was the defendant's statement rendered involuntary by the circumstances surrounding the confession or the methods employed by the police officers who were questioning the defendant. While some measure of pressure was employed by the police officers in telling the defendant that they would speak to his grandmother, we find that this is not such a threat that could induce a false confession. Under all the circumstances, we do not perceive the conduct of the law enforcement officials to have been so egregious as to yield the conclusion that the confession was involuntarily rendered *(see,* CPL 60.45 [2] [b] [ii]; *People v Tarsia,* 50 NY2d 1, 11; *People v Henry,* 132 AD2d 673; *People v Zehner,* 112 AD2d 465, 466).

The defendant also claims that he was prejudiced by the admission at trial of a confession by his codefendant Frederick Diaz *(see, Bruton v United States,* 391 US 123). However, Frederick Diaz took the stand and testified in his own behalf and was available to be cross-examined by the defendant. Therefore, the defendant's right of confrontation was not violated *(see, Nelson v O'Neil,* 402 US 622; *People v Payne,* 35 NY2d 22).

The defendant's final contention, that the court should have redacted portions of his codefendant's statement or should have given limiting instructions, is unpreserved for appellate review. The defendant did not request this relief at trial. Moreover, under the circumstances, review in the interest of justice is not warranted *(see, People v Diaz,* 153 AD2d 575). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.