■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL DONOFRIO, Respondent. [604 NYS2d 69] —Order, Supreme Court, Bronx County (Emily Jane Goodman, J.), entered April 22, 1991, granting defendant's motion to dismiss the indictment, reversed, on the law and the facts, the indictment reinstated, and the matter remanded for further proceedings.

Dismissal of the indictment was based upon the recollections of a 16-year old witness who alleged, fully six months after the filing of the indictment, that the prosecution had used intimidating tactics in preparing her for her grand jury appearance, and had demonstrated nonverbal disbelief during her testimony before that panel. The hearing on this matter was convened a year after the filing of the indictment because (1) the minutes of the grand jury proceedings shed no light on the allegations of prosecutorial misconduct before the panel, and (2) the prosecutor denied any such misconduct.

Most revealing was the witness' testimony before the grand jury that she had been treated fairly by the District Attorney's office. Despite all the alleged intimidation, she later told

the Hearing Judge that she had felt completely free to speak her mind before the grand jury, that she had held nothing back, and that even at this late date she would not change any of her testimony before the panel. The only contradictory testimony of any substance to emerge from the later hearing was this witness' statement that the victim had told her, a month after commission of the crime, that defendant had not committed the robbery, and that the victim had accused defendant simply to "get him in trouble". That, it is suggested, falls under the category of impeachment evidence for trial, since the prosecution is under no obligation to present to the grand jury any and all evidence favorable to the accused *(People v Lancaster,* 69 NY2d 20, 30, *cert denied* 480 US 922).

We have no disagreement with the dissenters' general observation that the prosecutor may, under certain circumstances, have an obligation to present evidence to the grand jury favorable to the accused. But we would note that the entire inquiry conducted here by Criminal Term was triggered by the prosecutor's undertaking to discharge precisely that responsibility, and to procure the testimony of the subject witness, favorable to defendant, despite her considerable reluctance to appear at all.

Finally, defendant raised the issue at the hearing that the prosecutor may have tainted the integrity of the grand jury proceedings by uttering remarks in the corridor outside the grand jury room, during a break, expressing personally held beliefs as to the credibility of witnesses. Even if such inappropriate remarks were made, the possibility that any grand jury member might have overheard them, and was thereby adversely affected in discharging his responsibilities, is nothing more than rank speculation. Concur—Sullivan, J. P., Wallach and Ross, JJ.

Kupferman and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: Dismissal of the indictment against defendant pursuant to CPL 210.35 (5) and 210.20 (1) (c), with leave to re-present, rests on Supreme Court's findings of fact and assessment of the credibility of witnesses. These findings, which are supported by the record, must be accorded great deference *(People v Leonti,* 18 NY2d 384, 390, *cert denied* 389 US 1007). The hearing court had the distinct advantage of being able to observe the witnesses during the course of their testimony, and its resolution of issues of credibility and the inferences to be drawn from the conflicting testimony should be upheld unless unsupported by the evidence as a matter of

law *(People v Oates,* 104 AD2d 907, 910; *People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703).

Supreme Court determined that the prosecutor's conduct in connection with the appearance before the Grand Jury of a teenaged, exculpatory witness (whether or not deliberate) communicated his personal disbelief of her testimony to the Grand Jury panel. The court found that the prosecutor disparaged the witness's testimony by tone of voice and facial expression and that he commented adversely on her credibility outside the Grand Jury room, within hearing of persons who might have been on the panel. Moreover, it is conceded that, immediately prior to her appearance before the Grand Jury, the witness was "interviewed" for over an hour-and-a-half in the presence of a police officer who also gave testimony before the panel, and that she was detained—accompanied by a detective in a location variously described as "a small room", "a supply room" or simply "a closet"—before being escorted into the Grand Jury room.

No explanation is offered for subjecting the young witness to this treatment, and Supreme Court was not unreasonable in concluding that its intended effect was to intimidate her. It should also be noted that the indictment against defendant-respondent's co-defendant was dismissed for prosecutorial misconduct during the course of the Grand Jury proceedings.

The majority correctly point out that the witness, only 15 years old at the time of her Grand Jury testimony, answered affirmatively in response to the question, "Have you been treated fairly today, during your dealings in the District Attorney's Office today?" and only later alleged intimidation. However, Supreme Court also noted—in the course of an 18-page, typewritten decision—various factual discrepancies between the prosecutor's affidavit, submitted in opposition to defendant's motion to dismiss the indictment, and his testimony at the hearing. Such conflicts in the evidence merely present issues of credibility for resolution by the hearing court. The attempt by the majority to portray the conduct of the prosecutor as calculated to overcome the reluctance of an exculpatory witness to testify is not borne out by the record. As Supreme Court observed, it is undisputed that the defense informed the prosecutor that she "wished to testify before the Grand Jury in *[sic]* the defendant's behalf." During the hearing, it was elicited on cross-examination that, in the course of her initial telephone conversation with the prosecutor, she stated that she was afraid to testify. But the source of that fear—whether the victim's family, the threats alleged to have

been made to her by the prosecutor during their conversation or some other concern—is not ascertainable.

I take issue with the suggestion by the majority that no prejudice resulted from the Grand Jury presentation because the prosecution bears no obligation to present evidence favorable to the accused. As Supreme Court appropriately observed, the " 'Grand Jury proceeding is properly an investigation rather than a prosecution directed against the witness' " (quoting *People v Ianniello,* 21 NY2d 418, 424, *cert denied* 393 US 827). The prosecutor "is charged with the duty not only to seek convictions but also to see that justice is done" *(People v Pelchat,* 62 NY2d 97, 105).

In a case in which the only witness to the crime is the complainant (who initially indicated to police that she was unable to identify her assailants), the prosecutor made no attempt to explore what motive the complaining witness might harbor to fabricate a case against the defendants and made every effort to suggest that the testimony of the young witness to that effect was itself a fabrication. Her evidence, contrary to the majority's view, is not mere "impeachment evidence for trial", but goes to the very heart of the function performed by the Grand Jury, "to protect citizens from having to defend against unfounded accusations" *(People v Valles,* 62 NY2d 36, 38). As such, her testimony is properly characterized as a complete or exculpatory defense, and not merely a defense urged in mitigation *(supra).* As Supreme Court emphasized, "had the jurors believed her testimony that the complainant had falsely accused the defendant to get him into trouble, no indictment would have been voted against him."

It is clearly not dispositive, as the majority intimates, that the prosecutor undertook to present, however inartfully or inequitably, the testimony of an exculpatory witness to the Grand Jury. The question before Supreme Court was whether or not the prosecutor discharged the duty imposed upon him as a public officer during the presentation of that testimony. The record supports the conclusion reached by the hearing court that the prosecutor breached his duty of fair dealing to the accused *(People v Lancaster,* 69 NY2d 20, 26, *cert denied* 480 US 922), impairing the integrity of the Grand Jury proceedings to the extent that defendant sustained prejudice (CPL 210.35 [5]), and Supreme Court's ruling should not therefore be disturbed. The mere fact that improper remarks, found to have been made by the prosecutor in the corridor, might not have been heard by Grand Jurors or other wit-

nesses hardly contributes to an overall sense of fairness in the conduct of the proceedings.

Accordingly, the order of the Supreme Court, Bronx County (Emily Jane Goodman, J.), entered April 22, 1991, which granted defendant's motion to dismiss the indictment on the ground of prosecutorial misconduct in connection with the Grand Jury proceedings herein, and granted the People leave to re-present the case, should be affirmed.