■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL C. KRAUSE, Appellant. [607 NYS2d 453] —White, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered September 18, 1992, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

The issue on this appeal is whether County Court erred in denying defendant's motion to suppress a written statement he gave to the police. The facts developed at the *Huntley* hearing show that on July 31, 1991, at about 11:20 A.M., defendant, who had recently been treated for mental problems, voluntarily went to the City of Elmira Police Department Detective Bureau pursuant to the request of the police officer who was investigating the larceny and forgery of checks belonging to defendant's mother. After showing defendant some checks, the officer advised him of his *Miranda* rights and then had defendant acknowledge that he understood his rights by having defendant read and sign a rights waiver form. Defendant was then questioned by the officer and admitted that he stole the checks, at which time the officer prepared a written statement which defendant read and signed, along with a voluntary statement form. He was then permitted to leave the police station at 12:05 P.M.

Defendant maintains that the waiver of his *Miranda* rights was not voluntarily, knowingly and intelligently made considering his mental state and the fact that the interrogation took place in the coercive surroundings of the police station. Whether this claim has substance must be determined through an examination of the totality of the circumstances surrounding this matter *(see, People v Diaz,* 161 AD2d 789, *lv denied* 76 NY2d 855; *People v Henry,* 132 AD2d 673).

Given the fact that defendant voluntarily came to the police station, that he was not confined alone in a room, that he was never physically restrained, that the entire interrogation lasted only 45 minutes and that he was allowed to leave, we find that the atmosphere surrounding this matter was not coercive. The fact that defendant recently received treatment for mental problems does not vitiate his waiver, as there was no proof that he was suffering from a mental defect or deficiency that impaired his ability to reason and understand *(see, People v Billington,* 163 AD2d 911, *lv denied* 76 NY2d 891; *People v Love,* 85 AD2d 799, *affd* 57 NY2d 998). Accordingly, we affirm.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.