■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ZEPHIR, Appellant. [640 NYS2d 584] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered June 18, 1993, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The People were under no obligation to turn over their *Rosario* material to the defense prior to the commencement of the pretrial hearings; these materials must only be turned over at the conclusion of the People's direct examination at the pretrial hearing, and then only upon the request of the defendant (*see,* CPL 240.44).

We agree with the trial court that the prosecution established that the police had probable cause to arrest the defendant, and that the defendant knowingly and voluntarily waived his *Miranda* rights before giving his statement (*see, People v Padilla,* 150 AD2d 393; *People v Tineo,* 144 AD2d 507). Once the People established this waiver, the burden of persuasion shifted to the defendant to adduce evidence supporting his contention that he did not comprehend his rights (*see, People v Love,* 85 AD2d 799, *affd* 57 NY2d 998). However, the defendant offered no evidence at the hearing that the waiver was involuntary.

In any event, we find this claim to be without merit.

We also reject the defendant's claim that reversible error occurred due to the prosecutor's remarks during the trial summation. The defendant did not preserve for appellate review most of the statements challenged on appeal (*see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641). In any event, the comments made by the prosecutor were either fair comments on the evidence, permissive rhetorical comment, responsive to the defendant's summation (*see, People v Ashwal,* 39 NY2d 105;

*People v Turner,* 214 AD2d 594), or were not so prejudicial as to constitute reversible error in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.