■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD THOMPSON, Appellant. [706 NYS2d 136] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered September 2, 1997, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of those branches of the defendant's omnibus motion which were to suppress his oral and written statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's question to Detective Hein concerning whether he should call his lawyer, after he showed Detective Hein his lawyer's business card, did not constitute an unequivocal invocation of the right to counsel which would prevent further police interrogation *(see, People v Cunningham,* 49 NY2d 203; *People v Santiago,* 133 AD2d 429, *affd* 72 NY2d 836; *People v Sanchez,* 117 AD2d 685; *People v Diaz,* 161 AD2d 789). The record supports the Supreme Court's finding that the defendant's waiver of counsel was voluntarily, knowingly, and intelligently made. Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress his oral and written statements.

The defendant's contention, raised in his supplemental *pro se* brief, concerning certain remarks by the prosecutor during summation is, for the most part, unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Zephir,* 226 AD2d 408). In any event, the comments made by the prosecutor during summation were fair comment on the evidence, permissive rhetorical comment, responsive to the defendant's summation *(see, People v Ashwal,* 39 NY2d 105; *People v Turner,* 214 AD2d 594), or were not so prejudicial as to require reversal in light of

the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230).

The sentence imposed was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.