■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SMALL, Appellant. [729 NYS2d 767] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered March 8, 1999, convicting him of burglary in the third degree, petit larceny, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McDonald, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We agree with the hearing court's determination that the police had reasonable suspicion to stop and detain the defendant, who matched the complainant's description of a black male of a particular height and build wearing "black, dark" clothing. The police found the defendant near the scene of the crime soon after the crime occurred. Shortly after the police detained the defendant, the complainant, who had pursued the fleeing defendant, arrived on the scene (*see, People v Sharpe,* 259 AD2d 639; *People v Ellison,* 222 AD2d 693). The subsequent spontaneous identification of the defendant by the complainant provided probable cause for the arrest and search of the defendant (*see, People v Evans,* 237 AD2d 458).

The defendant is not entitled to a de novo suppression hearing because of the prosecutor's failure to preserve the radio transmission and the belated disclosure of the "Sprint" report of the radio transmission, as there is no "reasonable possibility that the nondisclosure materially contributed to the result of the * * * proceeding" (CPL 240.75; *see, People v Sorbello,* 285 AD2d 88 [decided herewith]). The Supreme Court providently

exercised its discretion in issuing an adverse inference charge on this issue to the jury, and in denying additional sanctions at the trial.

Finally, the defendant's challenges to the prosecutor's summation remarks are largely unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, those remarks were either fair comment on the evidence, permissive rhetorical comment, responsive to the defendant's summation (*see, People v Thompson,* 271 AD2d 555; *People v Zephir,* 226 AD2d 408), or not so prejudicial as to constitute reversible error in light of the curative instructions given by the Supreme Court and the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.