■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO VALDES, Appellant. [738 NYS2d 223] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered November 17, 1997, convicting

him of criminal contempt in the first degree, criminal contempt in the second degree (six counts), criminal mischief in the fourth degree (three counts), assault in the third degree, and harassment in the second degree (eight counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that the evidence of "substantial pain," which was adduced as required under Penal Law § 10.00 (9), was legally sufficient to establish the defendant's guilt of assault in the third degree beyond a reasonable doubt (*see, People v Arias,* 286 AD2d 401, *lv denied* 97 NY2d 654; *People v Evans,* 250 AD2d 484; *People v Belk,* 241 AD2d 552). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on that charge was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's claim of prosecutorial misconduct is without merit. During summation, counsel is entitled to " 'comment upon every pertinent matter of fact bearing upon the questions the jury have to decide' " and is afforded the " 'widest latitude by way of comment, denunciation or appeal in advocating [his or her] cause' " (*People v Ashwal,* 39 NY2d 105, 109, quoting *Williams v Brooklyn El. R.R. Co.,* 126 NY 96, 102, 103). A prosecutor's rhetorical comments or comments which are a fair response to the defense counsel's summation are permissible (*see, People v Ashwal, supra; People v Thompson,* 271 AD2d 555; *People v Zephir,* 226 AD2d 408). The remarks the defendant complains of either were a fair comment in response to the defense counsel's summation or a fair response to the evidence in the case. The prosecutor's remark to the effect that "the defense was being hard on women" was an isolated comment and any prejudice that might have resulted was cured by the court's curative instruction to the jury.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.