■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EULOGIO MORA, Appellant. [827 NYS2d 365]—

Carpinello, J. Appeal from a judgment of the County Court of

Ulster County (Bruhn, J.), rendered September 22, 2003, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

On the morning of January 6, 2003, defendant and an accomplice broke into an Ulster County residence and stole numerous items of personal property. They were apprehended after defendant's vehicle suffered a flat tire on the Thruway, a State Trooper stopped to investigate and the accomplice confessed when asked about items piled up in the backseat under a blanket. Indicted on burglary in the second degree and petit larceny and found guilty as charged following a jury trial, defendant now appeals. We affirm.

Defendant argues that his inability to understand the English language prevented him from making a knowing, voluntary and intelligent waiver of his right to remain silent such that certain oral statements should have been suppressed. We find no basis to disturb County Court's finding that defendant understood English and thus appreciated the import of the *Miranda* warnings (*see People v Zadorozhnyi*, 267 AD2d 263, 264 [1999], *lv denied* 94 NY2d 954 [2000]; *People v Ortiz*, 259 AD2d 979, 980-981 [1999], *lv denied* 93 NY2d 1024 [1999]; *People v Padilla*, 150 AD2d 393, 393-394 [1989]). Defendant came in contact with three separate State Troopers on the day of his arrest who each testified that defendant had no difficulty understanding or speaking English (*see People v Villeneuve*, 232 AD2d 892, 893-894 [1996]).

First, the Trooper who investigated defendant's disabled vehicle testified that, throughout their time together that day, defendant never indicated that he had difficulty understanding English nor did it appear that defendant had such difficulty. Next, the State Police investigator who read defendant his *Miranda* rights testified that he asked defendant if he understood English before administering such rights and defendant responded in the affirmative (*see id.* at 894-895; *People v Padilla, supra*). Moreover, upon being read his rights, defendant indicated to this investigator, in the presence of a State Police sergeant, that he did understand them and that he did not wish to speak with him. Later that same day, in the presence of both the investigator and the sergeant, defendant blurted out an inculpatory statement at which time, in the investigator's words, defendant spoke "very clearly in English."

The fact that a State Trooper who fingerprinted defendant that day opted to converse with him in Spanish—because defendant gave him a blank stare when he spoke to him in English—does not alter the finding that defendant fully understood the

*Miranda* warnings. This particular Trooper was not responsible for reading defendant his *Miranda* warnings nor did he do so that day. Moreover, his spontaneous decision to converse in Spanish was prompted only by defendant's blank stare and no specific directive from another Trooper or defendant himself that defendant did not understand English. Thus, to the extent that this Trooper's testimony even rose to the level of conflicting evidence on this issue, County Court resolved such conflict in favor of the People and we find no basis to disturb its determination (*see People v Restivo*, 226 AD2d 1106, 1107 [1996], *lv denied* 88 NY2d 883 [1996]; *People v Alexandre*, 215 AD2d 488 [1995], *lv denied* 86 NY2d 789 [1995]; *People v Zuluaga*, 148 AD2d 480, 481 [1989], *lv denied* 73 NY2d 1024 [1989]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]).

Next, County Court did not err in declining to charge the jury with burglary in the third degree as a lesser included offense of burglary in the second degree. Even viewing the evidence at trial in a light most favorable to defendant (*see People v Barney*, 99 NY2d 367, 373 [2003]), we conclude that there is no reasonable view of the evidence that defendant committed the lessor offense but not the greater (*see* CPL 300.50 [1]; *People v Glover*, 57 NY2d 61, 63 [1982]). Testimony established that the residence from which defendant and his accomplice stole property was fully furnished with personal and household belongings, as well as stocked with food. Moreover, all utilities were intact. While its owner also had a part-time residence in New York City, she testified that she spent most of her week in Ulster County. Furthermore, although the homeowner happened to be in New York City on the day in question, she fully intended to return home later in the week. Given this unrefuted testimony, there was no reasonable view of the evidence that the house was not a dwelling within the meaning of Penal Law § 140.25 (2) and, therefore, County Court properly refused to charge the lesser included offense (*see People v Barney, supra*).

While it was improper for the People to elicit testimony that defendant exercised his right to remain silent (*see People v Von Werne*, 41 NY2d 584, 587-588 [1977]), the error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Sprague*, 267 AD2d 875, 880 [1999], *lv denied* 94 NY2d 925 [2000]; *People v Gluckowski*, 174 AD2d 752, 753 [1991], *lv denied* 78 NY2d 1011 [1991]; *cf. People v Hunt*, 18 AD3d 891, 892-893 [2005]), which included the testimony of his accomplice detailing their actions that day and defendant's own inculpatory statements to police which were properly introduced into evidence (*see People*

*v Nisbett,* 225 AD2d 801, 802 [1996], *lv denied* 88 NY2d 939 [1996]). To this end, we note that no other reference was made during the trial to defendant having exercised this right (*see People v Sprague, supra; cf. People v Hunt, supra*).

Defendant's remaining contentions, to the extent properly preserved for review, have been reviewed and found to be unpersuasive.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.