The People of the State of New York, Respondent, v Valdin Patten, Appellant. [841 NYS2d 359]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered July 22, 2004, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of an incident in which he and another man shot at two individuals in a courtyard where bystanders were present. After a *Molineux* hearing (*see People v Molineux,* 168 NY 264 [1901]), the People were permitted to introduce at trial the defendant's grand jury testimony

that he had been convicted of criminal possession and sale of marijuana in the area in which the shooting occurred, that this area was the location where he sold drugs, and that no other individuals sold drugs in that location out of respect for him. The introduction of this evidence was permitted in connection with the People's theory that the shooting was motivated by the defendant's desire to protect his "turf."

Evidence of prior bad acts or crimes may be admitted if relevant to establish motive (*see People v Molineux, supra* at 293; *People v Porter,* 256 AD2d 363, 364 [1998]; *People v Collins,* 220 AD2d 610, 611 [1995]). The evidence concerning the defendant's drug activities was properly admitted, since it was relevant to the alleged motive for his conduct.

The defendant's argument that the prosecutor improperly used the evidence of the eyewitness's employment with the Transportation Security Administration of the Federal Department of Homeland Security in order to bolster her testimony is unpreserved for appellate review, as he made only a general objection to the challenged statements (*see People v Tonge,* 93 NY2d 838, 839-840 [1999]; *People v Dien,* 77 NY2d 885, 886 [1991]; *People v Benson,* 38 AD3d 563 [2007], *lv denied* 9 NY3d 863 [2007]; *People v Rivera,* 19 AD3d 620 [2005]).

In any event, the defendant's contention that the prosecutor's summation statements deprived him of a fair trial is without merit. The challenged statements were either "rhetorical comments . . . a fair response to the defense counsel's summation" (*People v Valdes,* 291 AD2d 513, 514 [2002]), "fair comment on the evidence adduced at trial" regarding the witness' employment (*People v Martinez,* 17 AD3d 484, 485 [2005]; *see People v Valdes, supra* at 514; *People v Ferrer,* 245 AD2d 569, 570 [1997]), or harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Williams,* 38 AD3d 925 [2007]).

Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra; People v Gonzalez,* 3 AD3d 579 [2004]; *see also People v Johnson,* 57 NY2d 969, 970 [1982]). Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.