Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered February 28, 2012, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress his videotaped statement to law enforcement officials.
Ordered that the judgment is reversed, on the law, that branch of the defendant’s omnibus motion which was to suppress his videotaped statement to law enforcement officials is granted, and a new trial is ordered.
The defendant was charged with murder in the second degree and criminal possession of a weapon in the fourth degree after he, either personally or acting in concert with codefendant Yan Cifuentes, allegedly stabbed Yunior Maldonado upon the belief *758 that Maldonado was a member of a rival street gang. On appeal, the defendant contends, inter alia, that the hearing court erred in denying suppression of his videotaped statement to law enforcement officials, as his waiver of Miranda rights (see Miranda v Arizona, 384 US 436 [1966]) was not voluntary, knowing, and intelligent.
“[0]n a motion to suppress inculpatory statements, the defendant bears the burden of persuasion, but the People must first establish the legality of the police conduct and the defendant’s waiver” of his or her Miranda rights (People v Kemp, 131 AD2d 265, 267 [1987]; see People v Jenkins, 34 AD3d 833, 834-835 [2006]; People v Leftwich, 134 AD2d 371, 372-373 [1987]). Whether a defendant knowingly and intelligently waived his or her rights to remain silent and to an attorney is determined “ ‘upon an inquiry into the totality of the circumstances surrounding the interrogation,’ ” including an evaluation of the defendant’s “ ‘age, experience, education, background, and intelligence’ ” (People v Dunbar, 104 AD3d 198, 210 [2013], lv granted 21 NY3d 942 [2013], quoting Fare v Michael C., 442 US 707, 725 [1979]; see People v Reed, 75 AD2d 650 [1980]). “The failure to adequately advise a suspect of his or her rights as required by Miranda requires suppression of even voluntary statements” (People v Dunbar, 104 AD3d at 213).
At the time of his arrest, the defendant, a Spanish-speaking native of the Dominican Republic, was 17 years old, had completed only the tenth grade of high school, and had no prior contact with law enforcement. After Detective Matthew Ross read the defendant his Miranda rights in English from a form card, the defendant indicated that he understood his rights and agreed to answer questions. However, in response to direct questioning, the defendant informed Detective Ross that he did not understand English “that much.” The defendant was questioned in English and denied any involvement in the incident. Later, Detective Gonzalo Londoño, who spoke Spanish and English, was brought into the interrogation. Again in response to direct questioning, the defendant stated that his understanding of English was limited. Speaking in Spanish to Detective Londoño, the defendant ultimately admitted that he was present during the incident, and identified Cifuentes as the one who fatally stabbed Maldonado.
At the suppression hearing, Detective Ross was questioned about the defendant’s proficiency in English. Detective Ross testified that, “[a]t least to have a basic conversation,” he was satisfied that the defendant understood what he was saying.
Contrary to the People’s contention, they failed to establish *759 that the defendant comprehended “the immediate import” of the Miranda warnings (People v Williams, 62 NY2d 285, 289 [1984]; cf. People v Norris, 75 AD2d 650, 651-652 [1980]). Moreover, providing the defendant with a Miranda rights card written in Spanish or asking the Spanish-speaking detective to apprise the defendant of his Miranda rights “could have been accomplished with minimal effort” (People v Diaz, 97 NY2d 109, 116 [2001]; see People v Rodriguez, 208 AD2d 871 [1994]; People v Valle, 70 AD3d 1386 [2010]).
Under the circumstances of this case, the error in admitting the defendant’s videotaped statement into evidence at trial was not harmless beyond a reasonable doubt (see People v Hardy, 4 NY3d 192, 198-199 [2005]; People v Schaeffer, 56 NY2d 448, 454 [1982]; People v Harris, 93 AD3d 58, 71-73 [2012], affd 20 NY3d 912 [2012]).
The defendant’s remaining contentions either are without merit or have been rendered academic in light of our determination. Austin, J.E, Sgroi, Cohen and Hinds-Radix, JJ., concur.