People v Santos (2018 NY Slip Op 03552)





People v Santos


2018 NY Slip Op 03552


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-05076
 (Ind. No. 141/11)

[*1]The People of the State of New York, respondent,
v
Pedro Santos, appellant.


Leon H. Tracy, Jericho, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Cristin N. Connell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered April 22, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of criminal possession of a weapon in the fourth degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was charged with murder in the second degree and two counts of criminal possession of a weapon in the fourth degree with respect to an incident that resulted in the death of Yunior Maldonado. A previous trial ended with the defendant's convictions of murder in the second degree and criminal possession of a weapon in the fourth degree on the count relating to a machete. The defendant was acquitted of criminal possession of a weapon in the fourth degree on the count relating to a knife. On appeal, this Court reversed the judgment and ordered a new trial (see People v Santos, 112 AD3d 757, 758). At the retrial, the defendant again was convicted of murder in the second degree, and was convicted of criminal possession of a weapon in the fourth degree on the count relating to the knife. He was acquitted of criminal possession of a weapon in the fourth degree on the count relating to the machete.
As the People correctly concede, the defendant's conviction at the retrial of criminal possession of a weapon in the fourth degree on the count relating to the knife, after having been acquitted of that charge at the first trial, violated the defendant's rights under the Double Jeopardy Clause of the United States Constitution (see People v Biggs, 1 NY3d 225, 228-229).
The defendant contends that the evidence at the retrial was legally insufficient to support his conviction of murder in the second degree and that the verdict was against the weight of the evidence. He contends that internal contradictions and inconsistencies in the testimony of the People's main witness, as well as the benefits given to that witness in exchange for his testimony, rendered the witness's testimony incredible. He contends that the People therefore failed to prove that he caused the victim's death or that he acted in concert with the codefendant with the intent to [*2]cause the victim's death.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant, either acting in concert with the codefendant or by his own acts, intentionally caused the victim's death (see Penal Law § 125.25[1]; People v Allah, 71 NY2d 830, 831-832; cf. People v Rivera, 84 NY2d 766, 769).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court