People v Fuentes (2020 NY Slip Op 04180)





People v Fuentes


2020 NY Slip Op 04180


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2016-11810
 (Ind. No. 126/15)

[*1]The People of the State of New York, respondent,
v
Jose E. Fuentes, appellant. Laurette D. Mulry, Riverhead, NY (Edward E. Smith of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy Mazzei, J.), rendered October 4, 2016, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years, to be followed by a period of postrelease supervision of 5 years. The appeal brings up for review the denial, after a hearing (Mark D. Cohen, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the conviction of manslaughter in the first degree from a determinate term of imprisonment of 25 years to a determinate term of imprisonment of 15 years, to be followed by a period of postrelease supervision of 5 years; as so modified, the judgment is affirmed.
On December 12, 2014, the defendant stabbed the victim once in the chest with a knife. The victim was transported by ambulance to the hospital, where he died on January 1, 2015, from complications of the stab wound to the chest with penetration of the left lung, with obesity as a contributory cause of death. At trial, the People admitted into evidence the defendant's oral and written statements to the police. In his written statement, the defendant admitted getting into a verbal altercation after the victim refused to pay the defendant for certain work the defendant had performed, which escalated into a physical altercation once the victim threw a punch at the defendant. The defendant responded by taking out a knife from his pocket and shoving it toward the victim. The victim started to run away and the defendant chased after him, eventually catching up to the victim and stabbing him. In addition to the defendant's statements, the People introduced into evidence surveillance videotape showing the defendant chasing the victim.
On appeal, the defendant argues that the hearing court should have suppressed his statements to law enforcement officials since the police did not provide him with an interpreter to aid in the administration of Miranda warnings (see Miranda v Arizona, 384 US 436) and that he was deprived of the effective assistance of counsel at the suppression hearing when his attorney failed to call a witness who would have testified as to his lack of English language proficiency, and at trial when his attorney failed to request a jury charge on the voluntariness of his statements. The [*2]defendant also contends that the County Court improvidently exercised its discretion in concluding that the surveillance videotape proffered by the prosecution was properly authenticated, and therefore, admissible. The defendant further argues that the evidence was legally and factually insufficient to support the jury's finding that he intended to cause serious physical injury and to disprove his justification defense, and that the sentence imposed was excessive.
"[O]n a motion to suppress inculpatory statements, the defendant bears the burden of persuasion, but the People must first establish the legality of the police conduct and the defendant's waiver" of his or her Miranda rights (People v Kemp, 131 AD2d 265, 267). "An individual may validly waive Miranda rights so long as the immediate import of those warnings is comprehended" (People v Williams, 62 NY2d 285, 289). Here, the evidence adduced at the suppression hearing supported the hearing court's determination that the defendant made statements to law enforcement officials after he knowingly and voluntarily waived his Miranda rights (see People v Valverde, 13 AD3d 658). At the crime scene, the defendant complied with the commands of the English-speaking arresting officer, inter alia, to place his hands on the police vehicle and then behind his back, and also answered the officer's inquiries as to the location of the knife and for his pedigree information. At the police stationhouse, the defendant communicated with a sergeant, in English, as to whether he was on any medication and had any pain or injury (see People v Mora, 36 AD3d 1142, 1143; People v Zadorozhnyi, 267 AD2d 263, 264), and he never stated or in any way indicated to the interviewing detective that his English was limited (cf. People v Adames, 121 AD3d 507; People v Santos, 112 AD3d 757). Further, in addition to a Miranda rights card written in English, the detective provided the defendant with one written in Spanish, which the defendant signed (see People v Rodriguez, 208 AD2d 871; cf. People v Santos, 112 AD3d at 759) and, when presented with a printed version of his Miranda rights a second time, the defendant raised no objection. On this record, we agree with the hearing court's determination to deny that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials (see People v Jin Cheng Lin, 26 NY3d 701, 705).
The defendant's contention that the evidence was legally insufficient to prove the intent element of manslaughter in the first degree (Penal Law § 125.20[1]; see Penal Law § 10.00[10]) and to disprove his justification defense (Penal Law § 35.15) is unpreserved for appellate review. The defendant's motion for a trial order of dismissal premised on the medical testimony relating to the victim's cardiomegaly, splenomegaly, and lung disease involved with cocaine was insufficient to preserve his arguments about intent and justification (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 20-21). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's intent to cause serious physical injury and to disprove justification (see Penal Law §§ 125.20[1]; 10.00[10]; 35.15; People v Barnett, 163 AD3d 700; People v Simpson, 151 AD3d 762; People v Thompson, 224 AD2d 646). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record, we are satisfied that the verdict of guilt of manslaughter in the first degree and the rejection of the justification defense were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1009).
The defendant's contention that the surveillance videotape was not properly authenticated is unpreserved for appellate review (see CPL 470.05[2]). In any event, the County [*3]Court did not improvidently exercise its discretion in admitting the surveillance videotape (see People v Patterson, 93 NY2d 80, 84), as the People presented sufficient evidence that the videotape accurately represented the events depicted (see People v Grant, 170 AD3d 888; People v Torres, 167 AD3d 665; People v Martinez, 164 AD3d 1260; People v Costello, 128 AD3d 848).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court